Filed 10/30/14 (unmodified opn. attached)

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>ABRAHAM ISAAC TUBBS,<br><br>  Defendant and Respondent. | F067312<br><br>(Super. Ct. No. CF97581807)<br><br>**ORDER MODIFYING OPINION**<br>**[NO CHANGE IN JUDGMENT]** |

**THE COURT:**

It is ordered that the opinion filed herein on October 10, 2014, be modified in the following particulars:

1.  On page 2, first sentence of the first paragraph delete the words "(the Act)" so that the sentence reads:

> Respondent Abraham Isaac Tubbs petitioned for resentencing pursuant to Penal Code section 1170.126,[1] commonly referred to as the Three Strikes Reform Act of 2012.[2]

2.  On page 2, second sentence of the first paragraph insert the words "of the Postrelease Community Supervision Act of 2011 (the Act)" following "3451" so that the sentence reads:

> The trial court resentenced Tubbs on March 8, 2013, and ordered that Tubbs be subject to postrelease community supervision (PRCS) pursuant to section 3451 of the Postrelease Community Supervision Act of 2011 (the Act) for the period prescribed by law.

3. On page 3, first sentence of the first paragraph delete the words "the Act" and insert "section 1170.126" so that the sentence reads:

> Tubbs petitioned for resentencing pursuant to section 1170.126 and a hearing on his petition was held on March 8, 2013.

4. On page 3, second sentence of the third paragraph delete the words "pursuant to the Act" so that the sentence reads:

> The trial court recalled the sentence and proceeded to resentence Tubbs.

5. On page 4, second sentence of the first paragraph under the heading **DISCUSSION** delete the word "they" and insert "the People" and delete the words "under the Act" so that the sentence reads:

> First, as PRCS is mandated by section 3451, the People contend the trial court erred in applying excess time credits resulting from resentencing to the PRCS term.

6. On page 5, second sentence of the first full paragraph delete the words "under the Act" so that the sentence reads:

> The total sentence imposed at resentencing was 13 years.

7. On page 5, second sentence of the fourth full paragraph delete the words "the Act" and insert "section 1170.126" so that the sentence reads:

> Participation in PRCS is mandatory for anyone resentenced under section 1170.126 and released from custody.

8. On page 9, first sentence of the first paragraph under the subheading *Conclusion* insert the words "and section 1170.126" following the word "Act," so that the sentence reads:

> Tubbs availed himself of the postconviction release remedy provided by the Act and section 1170.126.

9. On page 10, first sentence of the second paragraph under the heading **II. Requirement of Notice and a Hearing** delete the words "The Act" and insert "Section 1170.126" so that the sentence reads:

2.

Section 1170.126 expressly contemplates that a hearing be held when the trial court is considering any resentencing order.

10.  The paragraph commencing on page 11 under heading **DISPOSITION** and ending on page 12 is deleted and the following paragraph is inserted:

The March 19, 2013, order vacating the sentence of postrelease community supervision is reversed.  An amended abstract of judgment reflecting the oral pronouncement of sentence on March 8, 2013, shall be prepared, and the trial court shall forward a copy of said document to the appropriate agencies.[4]

These modifications do not effect a change in the judgment.

_____

CORNELL, Acting P.J.

WE CONCUR:


_____

GOMES, J.


_____

POOCHIGIAN, J.

<u>**CERTIFIED FOR PARTIAL PUBLICATION**</u>*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>ABRAHAM ISAAC TUBBS,<br><br>    Defendant and Respondent. | F067312<br><br>(Super. Ct. No. CF97581807)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Fresno County.  Ralph Nunez, Judge.  (Retired judge of the Fresno Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Elizabeth A. Egan, District Attorney, Rudy Carrillo, Chief Deputy District Attorney, and Douglas O. Treisman, Deputy District Attorney, for Plaintiff and Appellant.

---

\*       Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part III.

Sylvia Whatley Beckham, under appointment by the Court of Appeal, for Defendant and Respondent.

-ooOoo-

Respondent Abraham Isaac Tubbs petitioned for resentencing pursuant to Penal Code section 1170.126,[1] commonly referred to as the Three Strikes Reform Act of 2012 (the Act).[2] (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1285, 1289 (*Kaulick*).)  The trial court resentenced Tubbs on March 8, 2013, and ordered that Tubbs be subject to postrelease community supervision (PRCS) pursuant to section 3451 for the period prescribed by law.  Eleven days later, on March 19, the trial court, on its own and without notice to the parties, ordered its judgment be modified to omit any requirement that Tubbs be subject to PRCS.  The trial court concluded it had no authority to order PRCS; thus, an unauthorized sentence had been imposed.

The People appeal from the March 19, 2013, modification, contending (1) modification of the March 8, 2013, sentence required notice and a hearing, and (2) any resentencing of Tubbs pursuant to the Act must include PRCS.  We agree with the People and will reverse the March 19 order.

## FACTUAL AND PROCEDURAL SUMMARY

Tubbs pled guilty to possession of cocaine and possession of cocaine for sale on April 1, 1997.  At the time, Tubbs had two strike convictions and had served three prison terms.  Tubbs was sentenced pursuant to the Three Strikes law as a third strike defendant.[3]

---

[1]All further statutory references are to the Penal Code.

[2]Proposition 36, as approved by voters, Gen. Elec. (Nov. 6, 2012).

[3]Some facts had to be extrapolated and discerned from the record, such as it is. The record on appeal did not include the petition for resentencing filed by Tubbs, the probation report prepared for the resentencing, or the original judgment from 1997.

Tubbs petitioned for resentencing pursuant to the Act and a hearing on his petition was held on March 8, 2013. The People argued that Tubbs was an unreasonable risk to the community if released unless there was a plan in place to address Tubbs's alcohol and substance abuse, such as a requirement he attend Alcoholics Anonymous and Narcotics Anonymous. The People also had a concern that Tubbs minimized his prior offenses and denied having sold or supplied narcotics to others, despite his prior plea to that offense.

The People conceded Tubbs was eligible for resentencing, however, and stated they were not opposing resentencing so long as some sort of "relapse prevention plan" was in place. The trial court noted it had to determine if Tubbs "pose[d] an unreasonable risk to public safety."

After much discussion and argument from both counsel, the trial court stated it was "persuaded that resentencing [Tubbs was] the appropriate thing to do." The trial court recalled the sentence and proceeded to resentence Tubbs pursuant to the Act. It imposed a sentence of 13 years and awarded custody credits of 6,024 days. The trial court noted Tubbs was being resentenced to 13 years and had served 16 years in actual custody, but concluded that it did not "see any exceptions here" and ordered Tubbs to participate in PRCS pursuant to section 3451 upon release from custody.

The abstract of judgment for the resentencing was filed March 14, 2013, and indicated Tubbs had been resentenced pursuant to section 1170.126. On March 19, 2013, without notice or a hearing, the trial court modified the judgment by issuing an order vacating that portion of the judgment requiring Tubbs to participate in PRCS. The stated reason was that the trial court was correcting an "unauthorized sentence" in that only the Secretary of the Department of Corrections and Rehabilitation (the Department) could decide whether a defendant was to be placed on PRCS after release from custody.

The People appeal from the March 19, 2013, order modifying the judgment. The People filed a request that we take judicial notice of the legislative analysis of Proposition

36.  By order dated July 25, 2013, we deferred ruling on the request pending consideration of the merits of the appeal.

## DISCUSSION

The People argue the trial court made two errors.  First, as PRCS is mandated by section 3451, they contend the trial court erred in applying excess time credits resulting from resentencing under the Act to the PRCS term.  Hence, the trial court's March 19, 2013, order striking the requirement for PRCS was error.  Tubbs counters that the Department, not the trial court, is vested with exclusive authority to decide whether a defendant, upon release from prison, is subject to PRCS.

Second, the People contend that any resentencing under the Act, and any modification or alteration of that new sentence, requires notice and a hearing.  Tubbs asserts the trial court's March 19, 2013, order was correcting an unauthorized sentence and did not require a hearing.

## I.    PRCS Requirement

In its March 19, 2013, modification of the resentencing order, the trial court stated, "The decision of whether or not defendant will be subject to parole or postrelease community supervision is one made by the Secretary of the Department of Corrections and Rehabilitation[], and is dependent upon whether, once defendant's post-sentence credits are calculated by the Department [citation], he has any period of time remaining for either a parole or postrelease community supervision period."

There are two problems with this statement:  (1) excess time credits after resentencing cannot reduce or eliminate the statutory period a defendant is subject to PRCS, and (2) the Department is not the sole arbiter of eligibility for PRCS.

### *Excess Time Credits Do Not Impact PRCS*

When a defendant has served any portion of a sentence based upon a judgment, and that judgment subsequently is modified or declared invalid and the defendant is then resentenced for that same offense, custody credits for the time served must be awarded to

4.

the defendant.  (§ 2900.1.)  It is the trial court that is charged with determining the total number of days to be credited to a defendant for custody credits and fixing that number when sentence is imposed.  (§ 2900.5, subd. (d).)

Here, the trial court determined Tubbs had 6,024 days of credit for time served, which equates to approximately 16.5 years.  The total sentence imposed at resentencing under the Act was 13 years.  The trial court's written order following the March 8, 2013, resentencing hearing specified that Tubbs was to be released immediately, not remanded into anyone's custody, pursuant to resentencing under section 1170.126.

The Act "has two primary prongs:  creating a new sentencing mechanism for defendants who are sentenced on and after October 1, 2011, and creating a new process whereby certain offenders being released from prison custody would no longer be supervised by the state parole system, but instead would be supervised by a local supervision agency."  The new supervision system is PRCS.  (*People v. Espinoza* (2014) 226 Cal.App.4th 635, 639, fn. 3 (*Espinoza*), quoting Couzens & Bigelow, Felony Sentencing After Realignment (rev. Mar. 4, 2014) p. 62; available at <http://www.courts.ca.gov/partners/documents/felony_sentencing.pdf> [as of Oct. 10, 2014].)

Section 3451, subdivision (a) of the Act states, "*Notwithstanding any other law* …, all persons released from prison on and after October 1, 2011, or whose sentence has been deemed served pursuant to section 2900.5 after serving a prison term for a felony *shall*, upon release from prison and for a period not exceeding three years …, be subject to [PRCS] …."  (Italics added.)

The trial court was correct when it initially ordered Tubbs to participate in PRCS.  Participation in PRCS is mandatory for anyone resentenced under the Act and released from custody.  Custody credits cannot reduce the mandatory PRCS supervision period.  (*Espinoza, supra*, 226 Cal.App.4th at pp. 639-640.)  Consequently, any judgment or order

that purports to eliminate or remove PRCS as a condition of resentencing under the Act is an illegal sentence, not the other way around.

We are not the first court to confront this issue. The appellate court in *Espinoza* thoroughly analyzed the Act and the individual statutes under facts substantially similar to those of this case. In *Espinoza* the defendant had been serving a third strike sentence in prison, had not been paroled, petitioned for resentencing pursuant to the Act, and at resentencing was awarded custody credits that exceeded the new sentence. (*Espinoza, supra,* 226 Cal.App.4th at pp. 637-638.) The defendant was ordered to be released immediately. (*Id.* at p. 639.) In addition, at the resentencing hearing, and over the defendant's objection, the trial court ordered the defendant to participate in PRCS. (*Id.* at p. 638.)

As the appellate court noted in *Espinoza,* the Act "changed the paradigm for the incarceration and postconviction supervision of persons convicted of certain felony offenses." (*Espinoza, supra,* 226 Cal.App.4th at p. 639.) After analyzing the Act and its various individual statutes, the appellate court concluded that the language "notwithstanding any other law" was all encompassing and eliminated any potential for conflict with other sentencing schemes. (*Id.* at pp. 639-640.) The *Espinoza* court concluded there was no constitutional impediment to PRCS, PRCS was mandatory for those sentenced after October 1, 2011, and PRCS did not constitute a term of imprisonment or parole. (*Id.* at pp. 638-641.) Thus, a defendant released after October 1, 2011, pursuant to resentencing under the Act, who had excess custody credits, is subject to mandatory PRCS. (*Id.* at p. 640.)

Tubbs and the defendant in *Espinoza* both analogized PRCS to parole as a basis for arguing that excess credits should be applied to reduce PRCS supervision. The analogy fails because there is no threat of imprisonment for a violation of the terms of PRCS.

6.

Tubbs mentions, without analysis, footnote 5 from this court's opinion in *People v. Torres* (2013) 213 Cal.App.4th 1151, 1157 as indicating excess time credits may reduce the period of supervision under PRCS. But, neither the parties nor this court's opinion in *Torres* addressed application of excess time credits to a period of PRCS. Cases are not authority for propositions not considered. (*People v. Jennings* (2010) 50 Cal.4th 616, 684.)

As was the defendant in *Espinoza,* Tubbs is legally mandated to be subject to PRCS for the statutory period if he applies for and accepts resentencing, as he did here.

### Department's Role in PRCS

Tubbs contends the March 8, 2013, sentence was illegal because the Department, not the trial court, is the only entity that determines whether he is subject to PRCS. We disagree. There is nothing in the Act stating the Department determines whether a defendant is subject to PRCS.

The statutes provide PRCS is mandatory, not discretionary. (§ 3451, subd. (a); *Espinoza, supra,* 226 Cal.App.4th at pp. 639-640.) The Act and other statutory provisions also indicate that a determination whether a defendant will be subject to PRCS, if one need be made, will be made at sentencing or resentencing by the trial court. For example, section 1202.45, subdivision (b) requires the trial court to impose against a defendant convicted of a crime, and who is subject to PRCS, a PRCS revocation restitution fine at the same time the section 1202.4, subdivision (b) restitution fine is imposed, namely at sentencing. The trial court hardly can impose the section 1202.45, subdivision (b) fine unless it makes a determination at sentencing that the defendant is subject to PRCS upon eventual release from custody.

The Act itself provides only that the Department give notice to the defendant, prior to release from prison, of the defendant's obligation to report to the county agency responsible for supervising the defendant while on PRCS. (§ 3451, subd. (c)(2).) Section 3452 describes what must be included in the required notice. The terms and conditions of

7.

PRCS are set forth in section 3453. Those conditions can be refined or modified only by the local supervising county agency as described in section 3454. The local agency responsible for PRCS is required to maintain supervision over a person until one of the events set forth in section 3456 occurs. (*Id.,* subd. (a).) Section 3456.5 specifies that the local supervising agency may require the person subject to PRCS to report to the local agency within two days or less of release. (*Id.,* subd. (a).) Section 3457 makes clear that the Department has "no jurisdiction over any person" who is under PRCS. Nowhere in the Act is the Department granted the authority to set any terms and conditions of, or to supervise anyone on, PRCS. We find nothing in the statutes, and Tubbs has cited no statutory authority, indicating discretionary power is vested in the Department to determine who is subject to PRCS.

Tubbs seems to argue that section 3452, subdivision (a) implied the trial court's authority was conditional. Previously, that section required that a defendant "shall enter into a postrelease community supervision agreement prior to, and as a condition of, their release from prison." (Stats. 2011, ch. 15, § 479.) Tubbs points out that the People tried, unsuccessfully, at the March 8, 2013, resentencing hearing to have him agree to PRCS as a condition of resentencing. The tradeoff at that time for obtaining resentencing pursuant to section 1170.126 was being subject to PRCS upon release. The only conditional part of the section is Tubbs's acceptance. He "cannot pick and choose which portion of realignment he agrees to and which portion he does not." (*Espinoza, supra,* 226 Cal.App.4th at p. 640.) If one petitions for and accepts resentencing, it is a "package deal" that includes PRCS. (*Ibid.*) If Tubbs is maintaining in this appeal that he did not agree to be subject to PRCS, then he was not entitled to be resentenced under the Act.

Section 3452 was modified in 2012 to delete any reference to "agreement." (Stats. 2012, ch. 43, § 50.) Now, the language used in section 3452 is consistent with the rest of the Act and refers to the "notice" that is to be given to a person subject to PRCS.

The Department's regulations cited by Tubbs do not support his contention that they are "obvious indications" of the Department's "exclusive province of deciding who is eligible for PRCS." A regulation is valid only if it is (1) consistent and not in conflict with the statute, and (2) reasonably necessary to effectuate the purpose of the statute. (Gov. Code, § 11342.2; *Sheyko v. Saenz* (2003) 112 Cal.App.4th 675, 687.) Thus, if a regulation alters or amends the governing statute, it is invalid. (*Sheyko,* at p. 687.) Any regulation promulgated by the Department purporting to vest in the Department the discretion to determine who may be placed on PRCS is simply without basis in the Act.

Regardless, we do not view the Department's regulations as purporting to vest in itself the exclusive authority to determine eligibility for PRCS. The regulations cited by Tubbs, relating to forms Nos. 611 (rev. 8/12) and 1515-CS (7/11), are designed to implement the notice requirements set forth in sections 3451, subdivision (c)(2) and 3452. It appears from the cited regulations that the Department, unlike Tubbs, recognizes its limited role of giving notice of mandatory PRCS upon release and is not purporting to expand its authority over PRCS.

### *Conclusion*

Tubbs availed himself of the postconviction release remedy provided by the Act. At the March 8, 2013, resentencing hearing, the trial court determined Tubbs was eligible for resentencing under the Act in that he did not pose an unreasonable risk of danger to public safety and otherwise met the criteria for resentencing. The trial court then determined an appropriate new sentence, fixed and awarded custody credits, and ordered Tubbs be subject to PRCS upon release from custody.

The trial court is obligated to determine custody credits upon sentencing or resentencing pursuant to sections 2900.1 and 2900.5. The Act mandates a period of PRCS for those defendants released from prison after October 1, 2011, and the terms and conditions of PRCS are set forth in the statute and may be refined or modified by the local supervising agency, but not the Department. The language in the Act restricts the

9.

Department's role in PRCS to that of giving notice.  It therefore follows that upon resentencing pursuant to section 1170.126, it is neither an inappropriate nor an illegal sentence to provide that the defendant is subject to PRCS upon release from custody.

## II.    Requirement of Notice and a Hearing

The People contend the trial court was obligated to give notice and an opportunity to be heard before modifying the resentencing order.  Tubbs claims the original resentencing was an illegal sentence, which can be corrected without notice and a hearing.  As discussed *ante*, the original resentencing order was not illegal.  So any modification should have been done only after notice and a hearing.

The Act expressly contemplates that a hearing be held when the trial court is considering any resentencing order.  (§ 1170.126, subds. (a), (m); *Kaulick, supra,* 215 Cal.App.4th at p. 1297, fn. 20.)  Here, a resentencing hearing was held on March 8, 2013, but no hearing was held prior to the subsequent modification of the order.  The People have both a statutory and a due process right to a hearing on any resentencing.  (*Kaulick,* at pp. 1297-1298.)  The defendant, and in many instances victims, all have the right to notice of any resentencing and the right to be present at any resentencing hearing.  (*Id.* at pp. 1296, 1299-1300.)  Any modification of the resentencing order by the trial court, including any modification, revocation, or termination of PRCS, should be on noticed hearing.  (*Ibid.*; § 3455.)  Thus, the failure to provide notice and a hearing before modifying the resentencing order was error.        .

## III.    Abstract of Judgment*

Tubbs claims the abstract of judgment filed March 14, 2013, does not conform to the oral pronouncement of judgment.  He asserts the abstract contains fines and fees that

---

*        See footnote, *ante*, page 1.

the trial court did not impose, and the description of the sentence was inaccurate. The People did not respond to this argument in their reply brief.

The general rule is that when there is a discrepancy between the oral pronouncement rendering judgment, as reflected in the reporter's transcript, and the minute order or the abstract of judgment contained in the clerk's transcript, the oral pronouncement controls. (*People v. Mesa* (1975) 14 Cal.3d 466, 471-472, superseded by statute on other grounds in *People v. Turner* (1998) 67 Cal.App.4th 1258, 1268; *People v. Crenshaw* (1992) 9 Cal.App.4th 1403, 1415-1416.) It is well settled that the preparation of the abstract of judgment is the ministerial act and it must conform to the trial court's oral pronouncement of judgment. (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2.) "The clerk cannot supplement the judgment the court actually pronounced by adding a provision to the minute order and the abstract of judgment. [Citation.]" (*People v. Zackery* (2007) 147 Cal.App.4th 380, 387-389.) If the clerk includes fines or fees in the minute order or on the abstract that were not imposed orally, they must be stricken from the minute order and abstract. (*Id.* at p. 388; *People v. Rowland* (1988) 206 Cal.App.3d 119, 124.)

The trial court is directed to prepare an amended abstract of judgment that accurately reflects its oral pronouncement of sentence on March 8, 2013. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

## DISPOSITION

The March 19, 2013, order vacating unauthorized sentence of postrelease community supervision is reversed. The resentencing order of March 14, 2013, is

11.

reinstated.  An amended abstract of judgment shall be prepared, and the trial court shall forward a copy of said document to the appropriate agencies.[4]

_____
CORNELL, Acting P.J.

WE CONCUR:


_____
GOMES, J.


_____
POOCHIGIAN, J.

---

[4]The People asked us to take judicial notice of the legislative analysis of Proposition 36.  That request is denied.

12.