Filed 7/15/16  P. v. Nickaboine CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MARLIN DEAN NICKABOINE,<br><br>    Defendant and Appellant. | G051522<br><br>(Super. Ct. No. 12CF0606)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Vickie L. Hix, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Anthony DaSilva, Deputy Attorneys General, for Plaintiff and Respondent.

*                *                *

The trial court granted defendant Marlin Dean Nickaboine's petition to reduce his felony conviction for receiving stolen property to a misdemeanor conviction under the "Safe Neighborhoods and Schools Act" (Proposition 47). But, after giving defendant credit for time served, the court placed him on parole for the remaining eight months that he was subject to postrelease community supervision (PRCS). Claiming PRCS does not constitute "currently serving a sentence," defendant contends the trial court lacked jurisdiction to impose parole. Alternatively, he argues the parole condition violated his right to equal protection and the prohibition against ex post facto laws. Finally, defendant also claims the trial court should have reduced his restitution and parole revocation fines. Finding no error, we affirm the trial court's postjudgment order in its entirety.

I

FACTS AND PROCEDURAL BACKGROUND

In 2012, the district attorney charged defendant with receiving stolen property (Pen. Code, § 496, subd. (a); all further statutory references are to this code). The amended felony complaint alleged two prison priors (§ 667.5, subd. (b)), and that defendant had suffered a prior serious or violent felony conviction (§§ 667, subds. (d), (e)(1), 1170.12, subds. (b), (c)(1)). Defendant pled guilty to the charge and admitted the allegations. In return, the trial court struck the prison priors and strike conviction allegations, sentenced defendant to state prison for a term of 16 months, and imposed fines, including $240 each for restitution (§ 1202.4, subd. (b)) and parole revocation (§ 1202.45). The court awarded defendant 92 days of actual and conduct credits.

In February 2015, defendant petitioned to have his felony conviction recalled under Proposition 47. At the time, defendant was on PRCS. The trial court recalled defendant's prior sentence, redesignated his conviction as a misdemeanor, ordered him to serve 365 days in county jail, but gave him 183 days of actual credit and 182 days of conduct credit. Based on a representation that defendant's PRCS would

2

terminate in eight months, the court ordered defendant placed on parole for that period of time.

II

DISCUSSION

A. *Introduction*

The issues raised in this appeal require the interpretation of constitutional provisions and statutes.

We have previously considered and rejected similar claims in decisions now pending before the California Supreme Court. (*People v. Pinon* (2015) 238 Cal.App.4th 1232, review granted Nov. 18, 2015, S229632; *People v. Armogeda* (2015) 240 Cal.App.4th 1039, review granted Dec. 9, 2015, S230374.) Defendant urges us not to follow the reasoning in these cases. Ultimately, the Supreme Court is going to resolve the issues presented here. Nonetheless, until that court rules on these matters, we continue to adhere to the conclusions expressed in our prior opinions.

B. *Section 1170.18*

Section 1170.18, subdivision (a) provides, "[a] person *currently serving a sentence* for a conviction . . . of a felony . . . who would have been guilty of a misdemeanor under" the statutory amendments enacted as part of Proposition 47 "may petition for a recall of sentence" and "request resentencing." (Italics added.) If the court determines the petitioner "satisfies the criteria in subdivision (a)" and does not "pose an unreasonable risk of danger to public safety," his or her "felony sentence shall be recalled and the petitioner resentenced to a misdemeanor." (§ 1170.18, subd. (b).) In addition, the successful petitioner "shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence, unless the court, in its

3

discretion, as part of its resentencing order, releases the person from parole." (§ 1170.18, subd. (d).)

Subdivision (f) of section 1170.18 allows "[a] person who *has completed his or her sentence* for a conviction, . . . who would have been guilty of a misdemeanor under" Proposition 47, to also file a petition seeking redesignation of the felony conviction as a misdemeanor. (§ 1170.18, subd. (g).) But, unlike a petitioner who is currently serving a sentence, one granted relief under subdivision (f) is not subject to any further restriction on his or her freedom.

Noting that because he had been released from prison and placed on PRCS, defendant argues he was no longer "serving a sentence" when he filed the petition. Thus, he contends the portion of the trial court's order imposing the parole term was erroneous. We disagree.

Section 1170.18, subdivision (a), applies to a person who is "currently serving a *sentence* for a [felony] conviction . . . ." In this case, the trial court sentenced defendant to state prison after he pled guilty to a felony charge of receiving stolen property. Under section 3000, subdivision (a)(1), his sentence "include[d] a period of . . . postrelease community supervision."

Citing section 2900.5 and dicta in *People v. Espinoza* (2014) 226 Cal.App.4th 635, wherein the court stated "we do not view PRCS as punishment" (*id.* at p. 640), defendant argues, "being under PRCS includes a finding that a person[']s sentence has been served or 'deemed to be served.'" Section 2900.5 allows a defendant's presentence custody to be used to reduce the defendant's "term of imprisonment," which the statute defines as limited to "any period of imprisonment" or "parole." (§ 2900.5, subds. (a) & (c).) But as discussed above, section 1170.18, subdivision (a), refers to "[a] person currently serving a *sentence*" (italics added), not a "'term of imprisonment.'" (§ 2900.5, subds. (a) & (c).)

4

Statutes, cases, and even the California Rules of Court have employed the term "sentence" in a variety of contexts where a person is subject to some form of judicially imposed sanction other than incarceration. (*People v. Davis* (2016) 246 Cal.App.4th 127, 139-140, fns. 5 & 6 [citing authorities for conclusion "the term 'sentence' can be, and is, used to refer both to a term of confinement specifically and to criminal punishment generally"].) In *Davis*, the court held the phrase, "currently serving a sentence" appearing in section 1170.18, subdivision (a), means "all persons . . . subject to judicial sanction under a felony conviction . . ., rather than only those persons . . . actually confined." (*Id.* at p. 142, fn. omitted.) Further, as the Supreme Court recently noted, "The purpose behind section 2900.5—to equalize treatment of those who can and those who cannot post bail—is irrelevant" in the context of a proceeding under Proposition 47 to reduce a felony conviction to a misdemeanor conviction and resentence a defendant. (*People v. Morales* (2016) 63 Cal.4th 399, 408.)

Defendant's citation to *Espinoza* is also of no assistance. That case involved the Three Strikes Reform Act or 2012 (Proposition 36). The defendant succeeded in being resentenced as a second strike offender, but the trial court ordered him placed on PRCS upon his release from prison. The defendant challenged the latter ruling. The appellate court affirmed. Its comment on the nature of PRCS was made in response to the defendant's claim that obligating him to participate in PRCS violated the constitutional prohibition against ex post facto laws and was based on its earlier conclusion the phrase "'term of imprisonment'" appearing in section 2900.5 "does not include PRCS." (*People v. Espinoza, supra*, 226 Cal.App.4th at pp. 638.) "Appellant's original sentence was 25 years to life. He petitioned for and was resentenced to seven years four months, and ordered to participate in PRCS which cannot exceed three years. [Citation.] A statute that reduces the 'term of imprisonment' within the meaning of section 2900.5, subdivision (c) is not an ex post facto violation." (*Id* at pp. 640-641.)

5

Since defendant's "sentence" included PRCS upon his release from prison and he was on PRCS when he petitioned to have his felony conviction redesignated as a misdemeanor. The trial court properly concluded that defendant was currently serving his sentence, thereby requiring him to serve the remaining period of PRCS on parole.[1]

## C. Defendant's Constitutional Claims

Alternatively, defendant argues imposing the parole term violated his constitutional rights to equal protection and to not be subject to an ex post facto law. These arguments lack merit.

First, we note that, as to both constitutional claims, defendant *voluntarily* petitioned for relief under Proposition 47. Where one "petitions for and accepts resentencing, it is a '"package deal."'" (*People v. Tubbs* (2014) 230 Cal.App.4th 578, 587.) Thus, if a person serving a sentence for a felony conviction petitions to have his or her conviction redesignated as a misdemeanor under Proposition 47, but is unwilling "to be subject to [parole], then he was not entitled to be resentenced under the Act." (*Ibid.* [applying rule to resentencing under Three Strikes Reform Act of 2012 where after release from prison petitioner is subject to PRCS].) Had defendant not wanted to accept parole, he could have chosen to either not file a petition for resentencing under section 1170.18, or delay filing the petition until his PRCS terminated. His decision to file the petition while still currently serving his sentence invariably led to the obligation to serve the remaining eight months of his sentence subject to parole under subdivision (d) of section 1170.18.

---

[1]     Subdivision (d) of section 1170.18 requires "[a] person who is resentenced . . . shall be subject to parole for one year following completion of his or her sentence." But subdivision (e) of this statute declares, "[u]nder no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence." Thus, we conclude the trial court properly limited the length of defendant's parole to the remaining eight months of his PRCS term. (*People v. Morales, supra*, 63 Cal.4th at p. 409.)

Second, each constitutional claim fails on the merits. As for the alleged denial of equal protection, defendant argues no rational basis exists for Proposition 47's different treatment of persons "who have completed their term of imprisonment and have been *released to PRCS*," and persons "who have completed their term of imprisonment but were *not released* to PRCS." The classifications that defendant asserts Proposition 47 creates are illusory. "The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally. [Citation.] Accordingly, '"[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner."'" (*People v. Brown* (2012) 54 Cal.4th 314, 328; *People v. Morales, supra*, 63 Cal.4th at pp. 408-409.)

In *People v. Morales, supra*, 63 Cal.4th 399, the Supreme Court recently rejected a similar equal protection claim in holding a person resentenced under Proposition 47 could not use excess presentence custody credit to reduce the term of their parole. There it was argued that declining to allow persons resentenced under Proposition 47 to use excess credits to reduce the length of parole violated equal protection because section 2900.5 generally declares that excess presentence credits may be used to reduce a period of parole. Noting the differences in the language used in sections 1170.18 and 2900.5, the different purposes underlying each statute, the court held "persons resentenced under Proposition 47 are not situated similarly to those sentenced under section 2900.5." (*People v. Morales, supra*, 63 Cal.4th at p.408.)

As discussed above, under section 3000, subdivision (a)(1), persons on PRCS have *not* completed their sentence and thus are not similarly situated to persons no longer in prison or on either parole or PRCS. Consequently, Proposition 47 does not subject similarly situated groups to different treatment.

In support of his ex post facto claim, defendant argues "[t]he effect of the trial court's" ruling "was to impose an additional punishment" on him. Not so.

7

Both the United States and California Constitutions' prohibition of ex post facto laws "'are "aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.'"'" (*People v. Alford* (2007) 42 Cal.4th 749, 755.) Here, the issue is whether section 1170.18, subdivision (d)'s requirement that a petitioner currently serving a sentence be placed on parole constitutes an increase in punishment. "In making this determination we consider 'whether the Legislature intended the provision to constitute punishment and, if not, whether the provision is so punitive in nature or effect that it must be found to constitute punishment despite the Legislature's contrary intent.'" (*People v. Alford, supra,* 42 Cal.4th at p. 755.) Although section 1170.18 was enacted by the electorate as part of Proposition 47, construction of the statute is subject to the same rules governing our interpretation of laws enacted by the Legislature. (*People v. Rizo* (2000) 22 Cal.4th 681, 685.)

Proposition 47 was not intended to be punitive. The purposes underlying it included ameliorating the punishment for certain drug-related and theft-related offenses considered to be "'nonserious, nonviolent crimes'" by reducing convictions from felonies to misdemeanors and "'maximiz[ing] alternatives for'" persons convicted of these offenses. (See Historical and Statutory Notes, 32A pt. 3, West's Ann. Gov. Code (2016 supp.) foll. § 7599, p. 163.)

Nor do we find the nature or effect of section 1170.18, subdivision (d), triggers ex post facto consideration. "The ex post facto clause does not prohibit all increased burdens; it only prohibits more burdensome punishment." (*People v. Acuna* (2000) 77 Cal.App.4th 1056, 1059; *California Dept. of Corrections v. Morales* (1995) 514 U.S. 499, 509 [115 S.Ct. 1597, 131 L.Ed.2d 588] ["the question of what legislative adjustments 'will be held to be of sufficient moment to transgress the constitutional prohibition' *must* be a matter of 'degree'"].) An adjustment that "creates only the most speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment for covered crimes" does not violate the ex post facto clause.

8

(*California Dept. of Corrections v. Morales, supra*, 514 U.S. at p. 509.)  Defendant was on PRCS when he filed his petition.  The differences between PRCS and parole primarily concern what agency has jurisdiction over the supervised individual (county probation department or the Department of Corrections and Rehabilitation), and where that person could be incarcerated in the event he or she violated the program's conditions (county jail or state prison).  (§§ 3451, subd. (c)(1), 3452, subd. (b)(3), 3454, 3455 & 3457; *People v. Espinoza, supra*, 226 Cal.App.4th at p. 639.)  Thus, whether on PRCS or parole, defendant was subject to supervision and to the prospect of incarceration if he violated the terms of the correctional program.

Again, we reject defendant's reliance on the dicta in *Espinoza*, stating PRCS was not punishment.  (*People v. Espinoza, supra*, 226 Cal.App.4th at p. 640.)  In *People v. Nuckles* (2013) 56 Cal.4th 601, the Supreme Court recognized parole constituted a form of punishment, noting that under section 3000, subdivision (a)(1), "'[P]arolees are on the "continuum" of state-imposed punishments,'" "accruing directly from the underlying conviction."  (*People v. Nuckles, supra*, 56 Cal.4th at p. 609.)  As previously mentioned, section 3000, subdivision (a)(1), refers to *both* parole and PRCS.  Thus, we conclude one subject to PRCS is also on the "'"continuum" of state-imposed punishments.'"  (*People v. Nuckles, supra*, 56 Cal.4th at p. 609.)  The trial court's order placing defendant on parole, while a burden, did not constitute more burdensome punishment.

Consequently, we conclude the trial court did not violate defendant's constitutional rights by ordering him to serve the remaining period of his supervised release on parole.

D.  *The Restitution and Parole Revocation Fines*

Finally, defendant contends that in resentencing him, the trial court erred by failing to reduce the $240 minimum felony fines imposed on him under sections 1202.4

and 1202.45 to the minimum fines allowable to one convicted of a misdemeanor. Defendant did not raise this issue at the time of resentencing. We conclude his failure to request the trial court to reduce the amount of the fines constituted a waiver of the issue.

Section 1202.4 declares that "[i]n every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine." (§ 1202.4, subd. (b).) Within certain bounds, the court is afforded the discretion to set the amount of the fine. (§ 1202.4, subd. (b)(1).) In 2012, the range for a felony conviction fine was between $240 and $10,000, while the range for a misdemeanor conviction fine was between $120 and $1,000. (*Ibid.*) Section 1202.45 further provides for the imposition of an additional fine in the same amount "[i]n every case where a person is convicted of a crime and his or her sentence includes a period of parole" (§ 1202.45, subd. (a)), or "is subject to . . . postrelease community supervision" (§ 1202.45, subd. (b)).

"[T]o encourage prompt detection and correction of error, and to reduce the number of unnecessary appellate claims" (*People v. Scott* (1994) 9 Cal.4th 331, 351), unless the trial court imposes an "'unauthorized sentence'" (*id.* at p. 354), i.e., one that "could not lawfully be imposed under any circumstance in the particular case" (*ibid.*), the "lack of a timely and meaningful objection forfeits or waives the claim" (*id.* at p. 351). This rule applies to appellate claims challenging the amount of restitution. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218.)

Since the fines imposed on defendant were within the allowable range for a misdemeanor conviction, they were not "unauthorized." Consequently, by failing to raise the amount of the fines in his petition for resentencing or at the hearing on the petition, we conclude defendant waived any objection to the amount of the fines originally imposed on him when he pled guilty to violating section 496.

10

III

DISPOSITION


The postjudgment order is affirmed.



                              MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


FYBEL, J.


11