Filed 6/25/21  P. v. Myers CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075116 |
| v. | (Super.Ct.No. FMB17000464) |
| RANDY ALLEN MYERS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Christopher S. Pallone, Judge.  Affirmed with directions.

Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I

## INTRODUCTION

Defendant and appellant Randy Allen Myers pleaded no contest to being a felon in possession of a firearm (Pen. Code,[1] § 29800, subd. (a)(1)) and was sentenced to the stipulated term of two years in prison. Because defendant had accumulated 2,000 days of custody credits by the time he was sentenced, the trial court deemed the sentence served and advised defendant that the sentence was to be followed by a period of parole for three to four years. On appeal, defendant contends that (1) he should have been ordered to postrelease community supervision (PRCS), not parole and (2) his remaining excess custody credits should have been applied to his period of PRCS. The People agree that defendant should been ordered to PRCS once his sentence was deemed served but disagree that his remaining excess custody credits could be used to eliminate any PRCS period. We agree that defendant should have been ordered to PRCS for a period of three years but disagree with his remaining contention.

# II

## PROCEDURAL BACKGROUND

In April 2018, a first amended information was filed charging defendant with committing a lewd act on a child (Pen. Code, § 288, subd. (c)(1); count 1); making criminal threats (Pen. Code, § 422, subd. (a); count 2); two counts of use of a minor as an agent (Health & Saf. Code, § 11380, subd. (a); counts 3 & 4); and possession of a firearm

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

2

by a felon (Pen. Code, § 29800, subd. (a)(1); count 5).  The first amended information also alleged that defendant had suffered three prior strike convictions (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and three prior prison terms.

On May 5, 2020, pursuant to a plea agreement, defendant pleaded no contest to felon in possession of a firearm (count 5).  In return, the remaining charges and enhancement allegations were dismissed, and the parties agreed defendant would be sentenced to two years in prison with credit for time served.

On May 7, 2020, defendant was sentenced to two years in state prison and awarded 2,000 (1,000 actual days plus 1,000 conduct credits) days of credit for time served.  The trial court deemed the sentence served, but "to be followed by a period of parole [for] 3 to 4 years."  The court ordered defendant to report to parole within 72 hours from his release of custody.  Defendant timely appealed.

III

DISCUSSION

A.    *Postrelease Community Supervision*

Defendant contends that he should have been ordered to PRCS and not parole. The People agree, as do we.

""""PRCS was created as part of the 2011 Criminal Justice Realignment Act (Stats. 2011, 1st Ex. Sess. 2011-2012, ch. 12, § 1), which 'changed the paradigm for the incarceration and postconviction supervision of persons convicted of certain felony offenses.' [Citation.]  'In the wake of realignment, a person released from prison is

3

subject to a period of either parole (§ 3000 et seq.) or [PRCS] (§ 3450 et seq.). [Citation.] Parole applies to high-level offenders, i.e., third strikers, high-risk sex offenders, and persons imprisoned for serious or violent felonies or who have a severe mental disorder and committed specified crimes. (§ 3451, subd. (b).) All other released persons are placed on [PRCS]. (§ 3451, subd. (a).)'"" [Citation.]" (*People v. Ruiz* (2020) 59 Cal.App.5th 372, 378, citing *People v. Johnson* (2020) 45 Cal.App.5th 379, 392.)

Here, defendant pleaded no contest to felon in possession of a firearm under section 29800. This offense does not fall within any of the enumerated categories under sections 3000.08 and/or section 3451, subdivision (b). (See §§ 3000.08, 3451, subd. (b).) In addition, section 3451, subdivision (a), provides that all persons released from prison or whose sentences have been deemed served by application of presentence custody credits shall "be subject to community supervision" for a period not exceeding three years. Hence, the trial court should have ordered defendant to PRCS for a period of three years.

B.    *Excess Custody Credits*

Defendant argues the trial court erred in failing to apply his excess custody credits to any potential period of PRCS because the statute "expressly" entitles him "to have his custody credits applied to reduce or eliminate any period of PRCS that could have been imposed." We disagree.

This is a matter of statutory construction and subject to de novo review. Our primary goal in interpreting the Criminal Justice Realignment Act of 2011 (Stats. 2011,

ch. 15, § 1; Stats. 2011, 1st Ex. Sess. 2011-2012, ch. 12, § 1 (Realignment Act); codified as § 3450 et seq.) is to give the words of the Realignment Act a plain and commonsense meaning. (E.g., *People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.) We are not at liberty to add to or delete words to accomplish a purpose that is contrary to the Realignment Act's goal, i.e., local supervision and rehabilitation of a felon. (§§ 17.5, subd. (a)(1) & (a)(8), 3451, subd. (a); *People v. Samuels* (2018) 21 Cal.App.5th 962, 968 (*Samuels*).)

"[PRCS] supervision is conducted by a county agency . . . , rather than by the state's Department of Corrections and Rehabilitation. [Citations.] The supervised person may be subject to various sanctions for violating the conditions of his or her PRCS, including incarceration in the county jail, but may not be returned to state prison for PRCS violations." (*People v. Gutierrez* (2016) 245 Cal.App.4th 393, 399.)

Section 3451, subdivision (a), provides: "*Notwithstanding any other law . . . ,* all persons released from prison on or after October 1, 2011, or, whose sentence has been deemed served pursuant to Section 2900.5 after serving a prison term for a felony shall, upon release from prison and for a period not exceeding three years immediately following release, be subject to community supervision provided by the probation department of the county to which the person is being released . . . ."

*People v. Morales* (2016) 63 Cal.4th 399 (*Morales*) is instructive. In *Morales*, the Supreme Court determined, "section 2900.5 states two things relevant here: (1) the person is entitled to credit for time served, and (2) the credit can reduce or eliminate the period of *parole*. Section 1170.18, subdivision (d), states the first of these but *not* the

second.  Instead, it states the person is to receive credit for time served *and* is subject to parole."  (*Id*. at p. 406, first italics added.)  The court noted "[t]he legislative purpose behind section 2900.5 'appears to have been to eliminate the unequal treatment suffered by indigent defendants who, because of their inability to post bail, served a longer overall confinement than their wealthier counterparts.'"  (*Morales*, at p. 405.)  The court reasoned that, while the two provisions were "comparable," "section 2900.5 says far more than does section 1170.18."  (*Id*. at p. 405.)  The court concluded section 2900.5 did not govern the issue:  "Because the proposition the voters were considering expressed the first part but not the second part of section 2900.5's rule, and the purpose behind that rule is irrelevant to resentencing under Proposition 47, no reason appears to assume the voters believed the proposition would include what it did not state, namely that credit for time served could reduce the period of parole."  (*Morales*, at p. 406, italics omitted.)

Although that case did not involve excess custody credits involving PRCS, *Morales* is helpful to our analysis in this case.  Courts have noted that the statute imposing PRCS—section 3451—makes no mention of the application of excess custody credits and provides defendants covered by its provisions shall "be subject to" PRCS "[n]otwithstanding any other law."  (See, e.g., *People v. Espinoza* (2014) 226 Cal.App.4th 635, 639, italics omitted (*Espinoza*); *People v. Superior Court* (*Rangel*) (2016) 4 Cal.App.5th 410 (*Rangel*).)

In *Espinoza*, *supra*, 226 Cal.App.4th 635, a Proposition 36 resentencing case, the Court of Appeal held that excess custody credits do not reduce the PRCS supervision

6

period. (*Id*. at p. 639.) The court explained the excess custody credits can be used to reduce a defendant's parole period (*id*. at p. 638) because section 2900.5, subdivision (c), provides that a """"term of imprisonment"" includes 'any period of imprisonment imposed as a condition of probation or otherwise ordered . . . , and also includes any term of imprisonment, including any period of imprisonment prior to release on parole and any period of imprisonment and parole, prior to discharge, whether established or fixed by statute . . . .'" (*Espinoza*, at p. 638, italics omitted.) The court reasoned "[t]he phrase '[n]otwithstanding any other law' is all encompassing and eliminates potential conflicts between alternative sentencing schemes." (*Id*. at pp. 639-640; accord, *People v. Tubbs* (2014) 230 Cal.App.4th 578, 585 (*Tubbs*) [discussing *Espinoza* with approval].)

In *Rangel*, *supra*, 4 Cal.App.5th 410, this court considered whether excess custody credits accruing before Proposition 36 resentencing could be used to reduce PRCS supervision. (*Rangel*, at pp. 416-419.) After a lengthy analysis of the Supreme Court's decision in *Morales*, we concluded: "The plain language of section 3451 does not support Rangel's assertion that he is entitled to apply excess custody credits to a period of community supervision. Whereas section 2900.5 provides expressly that prisoners released on parole are entitled to have excess presentence custody credits applied toward a period of parole (§ 2900.5, subds. (a), (c); [*Morales*,] *supra*, 63 Cal.4th at pp. 405-406), section 3451 is completely silent on the question of excess custody credits." (*Rangel*, at p. 419.)

7

"On its face, section 3451 unambiguously provides that persons such as Rangel are subject to a mandatory period of community supervision, and nothing in that statute provides for application of excess postsentence custody credits toward that period. And as a pure matter of statutory interpretation, use of the language '[n]otwithstanding any other law' would appear to foreclose Rangel's argument that section 3451 should be applied the same way as section 2900.5. (See, e.g., *In re Greg F.* (2012) 55 Cal.4th 393, 406 ['When the Legislature intends for a statute to prevail over all contrary law, it typically signals this intent by using phrases like "notwithstanding any other law" or "notwithstanding other provisions of law."'].)" (*Rangel*, *supra*, 4 Cal.App.5th at p. 420.)

Likewise, in this case, we conclude section 3451 plainly provides that defendant is subject to a mandatory period of community supervision, and nothing in that statute provides for application of excess postsentence custody credits toward that period. PRCS was enacted to rehabilitate non-violent felons at the local level. It was not enacted to reward the felon with custody credits that can theoretically reduce the PRCS supervision period to zero.

Relying on *People v. Steward* (2018) 20 Cal.App.5th 407 (*Steward*) and section 1170, subdivision (a)(3), defendant argues his excess custody credits should be applied to both his two-year sentence and the three-year maximum period of PRCS.

*Steward*, *supra*, 20 Cal.App.5th 407 involved the application of excess custody credits to PRCS at a resentencing pursuant to Proposition 47. (*Steward*, at pp. 412-413.) The *Steward* court distinguished *Morales*, *supra*, 63 Cal.4th 399, because Proposition 47

8

did not mention PRCS, and held that generally applicable sentencing procedures under section 1170, subdivision (a)(3), guided its resolution of the matter.[2] (*Steward*, at p. 413.) The court determined that section 1170, subdivision (a)(3), could be divided into a "credits" provision and an "advisement" provision and found the plain language of the credits and advisement provisions as well as the legislative history of the statute ambiguous. (*Steward*, at pp. 421-426.) The *Steward* court disagreed with *Rangel*, *Espinoza*, and *Tubbs*, and "construe[d] section 1170[, subdivision] (a)(3) to provide that excess custody credits apply to reduce a period of PRCS." (*Steward*, at p. 426.) The court explained, to preclude the use of excess custody credits to reduce a period of PRCS "would lead to patently unfair and absurd results:  trial courts would be required to advise defendants, *contrary to law*, that excess presentence custody credits reduce a period of PRCS.  It is not difficult to envision a scenario in which a defendant, in reliance on this advisement, understands that his or her PRCS term has been deemed served and does not report to the county probation department upon release, and is subsequently arrested for

---

  [2] Section 1170, subdivision (a)(3), provides, in relevant part:  "In any case in which the amount of preimprisonment credit under Section 2900.5 or any other law is equal to or exceeds any sentence imposed pursuant to this chapter, except for the remaining portion of mandatory supervision pursuant to subparagraph (B) of paragraph (5) of subdivision (h), the entire sentence shall be deemed to have been served, except for the remaining period of mandatory supervision, and the defendant shall not be actually delivered to the custody of the secretary or to the custody of the county correctional administrator.  The court shall advise the defendant that they shall serve an applicable period of parole, [PRCS], or mandatory supervision, and order the defendant to report to the parole or probation office closest to the defendant's last legal residence, unless the in-custody credits equal the total sentence, including both confinement time and the period of parole, [PRCS], or mandatory supervision."

failing to report to probation as required by the terms of his or her PRCS. We decline to place defendants—and trial courts—in such a position." (*Id*. at pp. 425-426.)

We decline to follow *Steward* and adhere to our decision in *Rangel*, which discussed the language of section 3451. (*Rangel*, *supra*, 4 Cal.App.5th at pp. 419-420; accord, *Espinoza*, *supra*, 226 Cal.App.4th at pp. 639-640.) Defendant argues *Rangel* and *Espinoza* are distinguishable because "the defendants had been sentenced to indeterminate sentences which were subsequently reduced via realignment, and accrued all their credits by serving time against those original sentences." However, *Steward* involved excess custody credits accrued before resentencing under Proposition 47, and likewise is distinguishable.

The Realignment Act does not say that custody credits reduce the PRCS supervision period. In fact, section 4019, subdivision (i)(1), provides that "no credits may be earned, for periods of [PRCS] flash incarceration imposed pursuant to Section 3000.08 or 3454." Three years of PRCS supervision is the outer limit. A person cannot "remain under supervision or in custody . . . on or after three years from the date of the person's initial entry onto [PRCS], except when his or her supervision is tolled pursuant to Section 1203.2 or subdivision (b) of Section 3456." (§ 3455, subd. (e).) As discussed in *Samuels*, *supra*, 21 Cal.App.5th at page 968, the Realignment Act "aims to 'reduc[e] recidivism among criminal offenders' and to increase '[i]ntensive community supervision.'" Defendant here is in desperate need of supervision.

10

IV

DISPOSITION

The trial court is directed to amend the minute order of the May 7, 2020

sentencing hearing to reflect defendant was ordered to PRCS for a period of three years.

In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
Acting P. J.

We concur:


SLOUGH
J.


FIELDS
J.