[No. D001497. Fourth Dist., Div. One. Dec. 4, 1984.]

In re BRYAN DARIUS JANTZ on Habeas Corpus.

**COUNSEL**

John K. Van de Kamp, Attorney General, Jesus Rodriguez and Robert B. Shaw, Deputy Attorneys General, for Appellant.

Victoria Sleeth, under appointment by the Court of Appeal, for Respondent.

**OPINION**

**WORK, J.**—The People appeal the granting of Bryan Jantz's petition for writ of habeas corpus striking the parole term imposed by the Board of Prison Terms (Board). Jantz contended he was entitled to be released from custody with no parole conditions pursuant to Penal Code[1] section 1170,

---

[1]All statutory references are to the Penal Code.

subdivision (a)(2) because his presentence custody credits exceeded the length of the felony sentence imposed. The superior court did not decide whether section 1170, subdivision (a)(2) prohibits imposing a parole period on a prisoner whose prison confinement has been satisfied by presentence credits where those credits do not also equal the additional three-year period of parole placed by the Board under authority of section 3000; instead, the court found Jantz conducted himself in a law-abiding manner while free from custody after his earlier conviction for the same robbery (§ 211) and gun use (§ 12022.5) to which he has now pleaded guilty. Thus, the trial court held Jantz was entitled to have the parole term stricken as a matter of equity. We reverse, holding section 1170, subdivision (a)(2) does not permit releasing a defendant from the Board imposed parole unless the in-custody credits equal the total sentence, including both confinement time and the period of parole.

## I

In 1980, Jantz was convicted of attempted murder (§§ 187/664) and robbery (§ 211) while using a firearm (§ 12022.5) and inflicting great bodily injury (§ 12022.7). After serving a partial prison term, his judgment was reversed (4 Crim. 11733). Jantz then pleaded nolo contendere to one count of robbery, admitted the gun use and was sentenced to the middle term of three years with credit for time served.[2] The court and prosecution recommended parole be waived. The Department of Corrections reviewed Jantz's custody credits, totalling 1,626 days, under section 1170, subdivision (a)(2) and determined "that the presentence credit granted . . . does in fact exceed the *term imposed by the court.*" (Italics added.) However, because of the seriousness of the present crime and Jantz's lengthy criminal record, the Board refused to waive parole and ordered him to commence parole supervision. The superior court stayed parole supervision, then granted Jantz's petition for habeas corpus out of a sense of equity, although it stated it believed the law supported a contrary result.

## II

We first address Jantz's claim the Board has no authority to place him on parole once his presentence credits equal or exceed the base period of actual prison confinement which his sentence includes. Here, that confinement is three years (1,095 days), a period less than the 1,626 days custody credits he earned before sentence. Section 1170, subdivision (a)(2) states: ". . . In any case in which the amount of preimprisonment credit

---

[2]At sentencing, the trial court struck the section 12022.5 enhancement.

under Section 2900.5 or any other provision of law is equal to or exceeds any sentence imposed pursuant to this chapter, the entire sentence, including any period of parole under Section 3000, shall be deemed to have been served and the defendant shall not be actually delivered to the custody of the Director of Corrections. . . ." Resolution of the issue turns on the meaning of the phrase "any sentence imposed pursuant to this chapter."

■ We are guided by established rules of statutory construction, fundamental among which is our responsibility to ascertain the intent of the Legislature so as to effectuate the purpose of the law. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) ■ We first look to the language of the statute, attempting to give effect to the usual, ordinary import of that language and seeking to avoid making any language mere surplusage. ■ Significance, if possible, should be attributed to every word, phrase, sentence and part of an act in pursuance of the legislative purpose. (*Ibid.*) ■ Moreover, the " 'statute should be construed with reference to the entire statutory system of which it forms a part in such a way that harmony may be achieved among the parts . . . .' " (*People* ex rel. *Younger* v. *Superior Court* (1976) 16 Cal.3d 30, 40 [127 Cal.Rptr. 122, 544 P.2d 1322].) ■ However, "the provision must be given a reasonable and common sense interpretation consistent with the apparent purpose and intention of the lawmakers, practical rather than technical in nature, which upon application will result in wise policy rather than mischief or absurdity." (*De Young* v. *City of San Diego* (1983) 147 Cal.App.3d 11, 18 [194 Cal.Rptr. 722]; *United Business Com.* v. *City of San Diego* (1979) 91 Cal.App.3d 156, 170 [154 Cal.Rptr. 263]; *City of Costa Mesa* v. *McKenzie* (1973) 30 Cal.App.3d 763, 770 [106 Cal.Rptr. 569].)

■ Jantz contends the language in section 1170, subdivision (a)(2) clearly provides, where preimprisonment credit "equal[s] . . . or exceeds *any sentence imposed pursuant to this chapter,* the entire sentence, including any period of parole under Section 3000, shall be deemed to have been served" thus entitling him to a parole-free release. (Italics added.) Jantz concedes "entire sentence" includes any period of parole; however, he argues the language employed in the first phrase "sentence imposed pursuant to this chapter" applies only to terms imposed under chapter 4.5 and thus does not include parole terms outside that specific chapter. However, this construction is unreasonable when reviewed in light of the entire statutory scheme of which it is a part and the express legislative declaration of the necessity of parole.

Jantz's construction is untenable because section 1170, subdivision (e) expressly provides "[a]ny sentence imposed under this article shall be sub-

ject to the provisions of Sections 3000 and 3057 and any other applicable provisions of law." Section 3000 in turn relevantly provides: "A sentence pursuant to Section 1168 or 1170 shall include a period of parole, unless waived, as provided in this section." Similarly, section 2900.5, subdivision (a) provides in part: "If the total number of days in custody exceeds the number of days of the term of imprisonment to be imposed, the entire term of imprisonment shall be deemed to have been served." Subdivision (c) then defines "term of imprisonment" for that section as including "any period of imprisonment imposed as a condition of probation or otherwise ordered by a court in imposing or suspending the imposition of any sentence, and also includes any term of imprisonment, including any period of imprisonment prior to release on parole and any period of imprisonment and parole, prior to discharge, whether established or fixed by statute, by any court, or by any duly authorized administrative agency." Reading these provisions together, it becomes apparent "sentence," as used in section 1170, subdivision (a)(2), includes any applicable period of parole.

This construction is consistent with the express legislative finding and declaration appearing in section 3000, to wit: "The Legislature finds and declares that the period immediately following incarceration is critical to successful reintegration of the offender into society and to positive citizenship. It is in the interest of public safety for the state to provide for the supervision and surveillance of parolees and to provide educational, vocational, family and personal counseling necessary to assist parolees in the transition between imprisonment and discharge. . . ." ■ Further, it is consistent with the courts' traditional concept of parole as being part of a defendant's sentence—defining it as "the release of a prisoner prior to expiration of his term of imprisonment conditioned upon his continuing good behavior during the remainder of the term." (*In re Peterson* (1939) 14 Cal.2d 82, 85 [92 P.2d 890]; see also *People* v. *Borja* (1980) 110 Cal.App.3d 378, 382 [167 Cal.Rptr. 813], explaining: "Parole, on the other hand, is the conditional release of a prisoner who has already served part of the term of his sentence in the state prison. Once released from confinement, a prisoner on parole is not free from legal restraint but is constructively a prisoner in the legal custody of the state prison authorities until officially discharged from his status as a parolee."[3])

___

[3]"A prisoner released on parole is not a free man. . . . [He] is not free from legal restraint by the penal authorities [citation] but 'is constructively a prisoner of the state in legal custody and under the control of the state board of prison directors.' [Citations.] The parole system while humanitarian in character, is reformatory in purpose. Its object is to mitigate the rigor of the former penitentiary system by allowing the prisoner to reenter society by replacing continued incarceration with a conditional freedom controlled by prison regulations. [Citations.] . . . 'In legal contemplation, therefore, he remains a prisoner, although out on parole. He is in the control of the board and subject to its rules, although otherwise at liberty.'" (*People* v. *Denne* (1956) 141 Cal.App.2d 499, 507-508 [297 P.2d 451]; *People* v. *Triche*

■ Finally, in light of the express legislative finding declaring the importance and necessity of parole status following incarceration, it is evident Jantz's construction would create an exception to the legislatively designed general rule without any apparent, supportive rationale. Accordingly, we adopt a construction consistent with the apparent legislative intent of making parole part of every sentence pursuant to section 1168 or 1170 as expressly set forth in section 3000 and subdivision (e) of section 1170, unless waived by the Board. Jantz's interpretation would undermine the legislative policy expressed within section 3000 and firmly established judicial and legislative concepts of parole.[4]

## III

■ Finally, there is no merit to Jantz's contention the order he not be placed on parole may be upheld under the principles of equity and due process. He urges he is, as the trial court found, "already reintegrated" into society and requires no parole supervision. Moreover, he states the People recommended he not be placed on parole and imposing parole conditions would be inconsistent with fundamental principles of liberty and justice.[5] However, he does not show how he will be prejudiced by now being placed on parole. The court's recommendation was simply advisory to the Board of Prison Terms which is entrusted with legal responsibility of determining whether Jantz, and all other felons sentenced to prison, will receive a parole-free release. In light of Jantz's extensive criminal history and many failures to rehabilitate himself after earlier convictions, the Board's determination he is in need of parole supervision as an incentive to remain law abiding, and as a vehicle to return him to prison custody should he fail to do so, is not an abuse of its discretion.

---

(1957) 148 Cal.App.2d 198, 202 [306 P.2d 616].) "In California 'parole' indicates a felony conviction and a release from state prison after the serving of a portion of a state prison sentence." (*Hayward* v. *Watsonville Register-Pajaronian and Sun* (1968) 265 Cal.App.2d 255, 261 [71 Cal.Rptr. 295].)

[4]Consistent with our construction of section 1170, subdivision (a)(2), the court in *In re Sosa* (1980) 102 Cal.App.3d 1002, 1005 [162 Cal.Rptr. 646], stated: "Section 1170 explicitly declares that presentence credit applies against both the imprisonment and the parole portion of the sentence."

We disagree with the apparent contrary construction set forth in the footnote in *In re Ballard* (1981) 115 Cal.App.3d 647, 649 [171 Cal.Rptr. 459].

[5]Jantz cites *Johnson* v. *Williford* (9th Cir. 1982) 682 F.2d 868, to uphold the trial court's relying on equitable principles. However, there the court found the government was estopped from imposing a parole hold because of its own conduct, and its inexcusable delay in imposing parole violated Johnson's due process rights. Neither circumstance is present here.

Order reversed; stay vacated.

Brown (Gerald), P. J., and Wiener, J., concurred.

A petition for a rehearing was denied December 24, 1984, and petitioner's application for a hearing by the Supreme Court was denied March 14, 1985.