Filed 2/9/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM JASON STEWARD,<br><br>        Defendant and Appellant. | A148242<br><br>(Lake County<br>Super. Ct. No. CR938828) |

A person serving a prison sentence for multiple felony convictions obtains a reduction to a misdemeanor of one of those convictions pursuant to Proposition 47 (Pen. Code, § 1170.18).[1] Following resentencing, the person's custody credits exceed the newly imposed term of imprisonment. May the trial court apply the excess credits to reduce the duration of the person's postrelease community supervision (PRCS)? In this case, the trial court concluded it had this authority and reduced defendant William Jason Steward's period of PRCS. We agree and affirm.[2]

BACKGROUND

In August 2007, defendant was sentenced to an aggregate prison term of nine years four months for felony possession of a controlled substance (Health & Saf. Code, § 11377), felony failure to appear (§ 1320.5), and enhancements.[3] The sentence on the

---

[1] All undesignated section references are to the Penal Code.

[2] Defendant appealed only the trial court's calculation of the credits he was entitled to. We requested supplemental briefing on the issue of the trial court's authority to apply the excess custody credits to reduce his period of PRCS.

[3] The underlying facts are not part of the record and are not relevant to this appeal.

1

possession charge was the principal term, and the sentence on the failure to appear conviction was the subordinate term.

In February 2015, the trial court granted defendant's petition for resentencing pursuant to Proposition 47 (§ 1170.18, subd. (a)). The court reduced defendant's possession conviction to a misdemeanor and resentenced him to an aggregate term of eight years in state prison on the failure to appear conviction and enhancements, to run concurrently with a 180-day sentence on the possession conviction. The court exercised its discretion to waive the one-year parole term following a Proposition 47 resentencing (§ 1170.18, subd. (d)). Because defendant had more than eight years of custody credits, he was released from prison shortly after the resentencing. Upon his release, he was placed on PRCS. (§ 3451, subd. (a).)

In April 2015, the probation department filed a petition to revoke defendant's PRCS for failure to report to the probation department following his release. The trial court summarily revoked PRCS and issued a warrant for defendant's arrest. Defendant subsequently admitted violating the terms of his PRCS. The trial court sentenced him to time served and reinstated PRCS.

During the revocation proceedings, defendant argued that his PRCS term should be reduced by excess custody credits resulting from his Proposition 47 resentencing. The trial court agreed and reduced the three-year PRCS term by the amount of excess credits, although it rejected defendant's proposed method for calculating the credits. Defendant appealed from this order.[4]

DISCUSSION

---

[4] Defendant's PRCS period was set to terminate in February 2017; no party has represented to this court whether he has been discharged. Neither party has claimed any release renders the appeal moot; even if it did, we would exercise our discretion to resolve the appeal. (See *People v. Morales* (2016) 63 Cal.4th 399, 409 (*Morales*) ["Even if this circumstance [the defendant's discharge from parole] renders the issue technically moot in this particular case, we exercise our discretion to decide it because the issue is likely to recur, might otherwise evade appellate review, and is of continuing public interest."].)

In response to our request for briefing on this issue, the People contend the trial court erred by applying the excess custody credits resulting from defendant's Proposition 47 resentencing to reduce his PRCS period.[5] We first determine the governing law and then consider whether that law provides that excess custody credits reduce a period of PRCS.

" 'When construing a statute, we must "ascertain the intent of the Legislature so as to effectuate the purpose of the law." ' [Citation.] '[W]e begin with the words of a statute and give these words their ordinary meaning.' [Citation.] 'If the statutory language is clear and unambiguous, then we need go no further.' [Citation.] If, however, the language supports more than one reasonable construction, we may consider 'a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.' [Citation.] Using these extrinsic aids, we 'select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.' " (*People v. Sinohui* (2002) 28 Cal.4th 205, 211–212.) " 'In interpreting a voter initiative . . . , we apply the same principles that govern statutory construction.' " (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900.)

I.      *Generally Applicable Sentencing Procedures Govern the Application of Excess Custody Credits Resulting from a Proposition 47 Resentencing to PRCS*

Because Proposition 47 does not mention PRCS, we distinguish *Morales* and conclude generally applicable sentencing procedures guide our resolution of the issue before us.

---

[5] We may review the question of whether defendant's sentence was unauthorized even though the People did not appeal or raise this issue. (*People v. Smith* (2001) 24 Cal.4th 849, 852 [" ' "unauthorized sentences" or sentences entered in "excess of jurisdiction" ' . . . are reviewable 'regardless of whether an objection or argument was raised in the trial and/or reviewing court' "].)

3

" 'On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act . . . .' [Citation.] 'Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors).' [Citation.] [¶] Proposition 47 also added section 1170.18, concerning persons currently serving a sentence for a conviction of a crime that the proposition reduced to a misdemeanor. It permits such a person to 'petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with' specified sections that 'have been amended or added by this act.' (§ 1170.18, subd. (a).) If the trial court finds that the person meets the criteria of subdivision (a), it must recall the sentence and resentence the person to a misdemeanor, 'unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).)" (*Morales, supra,* 63 Cal.4th at p. 404.)

Defendant relies on generally applicable statutes governing presentence custody credits, primarily section 2900.5, to defend the trial court's ruling. Under section 2900.5, a defendant's presentence custody credits "shall be credited upon his or her term of imprisonment," which includes, as relevant here, "any period of imprisonment and parole . . . ." (§ 2900.5, subds. (a) & (c).) In *Morales, supra,* 63 Cal.4th at pages 405–406, our Supreme Court rejected the contention that section 2900.5 governed the application of excess custody credits resulting from a Proposition 47 resentencing to any one-year parole term imposed and based that ruling on the specific parole language in the proposition: "A person who is resentenced pursuant to [Proposition 47] shall be given credit for time served and *shall be subject to parole for one year following completion of his or her sentence*, unless the court, in its discretion, as part of its resentencing order, releases the person from parole." (§ 1170.18, subd. (d), italics added.) The court noted "[t]he legislative purpose behind section 2900.5 'appears to have been to eliminate the unequal treatment suffered by indigent defendants who, because of their inability to post

4

bail, served a longer overall confinement than their wealthier counterparts.' " (*Morales,* at p. 405.) The court reasoned that, while the two provisions were "comparable," "section 2900.5 says far more than does section 1170.18." (*Id.* at p. 405.) Specifically, "section 2900.5 states two things relevant here: (1) the person is entitled to credit for time served, and (2) the credit can reduce or eliminate the period of parole. Section 1170.18, subdivision (d), states the first of these but *not* the second. Instead, it states the person is to receive credit for time served *and* is subject to parole." (*Id.* at p. 406.) The court concluded section 2900.5 did not govern the issue: "Because the proposition the voters were considering expressed the first part but not the second part of section 2900.5's rule, and the purpose behind that rule is irrelevant to resentencing under Proposition 47, no reason appears to assume the voters believed the proposition would include what it did *not* state, namely that credit for time served could reduce the period of parole." (*Morales,* at p. 406.) Instead, the court considered the language, purpose, and history of Proposition 47 (including a statement in the official ballot pamphlet that " '[o]ffenders who are resentenced would be required to be on state parole for one year, unless the judge chooses to remove that requirement' ") to conclude that custody credits resulting from a Proposition 47 resentencing do not reduce the one-year period of parole required by the proposition. (*Id.* at pp. 406–408.)

Unlike the one-year parole term at issue in *Morales*, which is expressly provided for in Proposition 47 (§ 1170.18, subd. (d)), the proposition makes no mention of PRCS. Indeed, following many Proposition 47 resentencings, a defendant will not be subject to PRCS because "PRCS applies only to felony convictions. (§§ 3450, subd. (b)(5), 3451, subd. (a).) There is no PRCS for misdemeanors." (*People v. Elizalde* (2016) 6 Cal.App.5th 1062, 1065; accord, *People v. Pinon* (2016) 6 Cal.App.5th 956, 965 (*Pinon*) ["misdemeanor offenders do not serve parole or PRCS after completing a term in jail"].) Thus, courts have found PRCS inapplicable for defendants who had a felony sentence reduced to a misdemeanor pursuant to Proposition 47. (*Elizalde,* at p. 1065 ["once [the defendant's] Proposition 47 petition is granted, PRCS terminates by operation of law"].)

5

PRCS arises in a Proposition 47 resentencing when a defendant is sentenced to prison on multiple convictions, not all of which are eligible for Proposition 47 relief. "If the trial court grants a section 1170.18 [Proposition 47] petition, it then has jurisdiction to resentence the defendant, and must do so under the generally-applicable sentencing procedures found in section 1170, et seq. [Citation.] Under these provisions, the judgment, or aggregate determinate term, is viewed as intertwined pieces consisting of a principal term and one or more subordinate terms." (*People v. McDowell* (2016) 2 Cal.App.5th 978, 981–982 (*McDowell*).) In such a case, the defendant will still have a felony conviction following the Proposition 47 resentencing and thus, upon release from prison, is subject to PRCS.

Because Proposition 47 never mentions PRCS, *Morales* is distinguishable. *Pinon*, however, is instructive. *Pinon* considered whether excess custody credits resulting from a Proposition 47 resentencing could be applied to reduce fines. (*Pinon, supra, 6* Cal.App.5th at p. 966.) As *Pinon* noted, section 2900.5, a generally applicable statute regarding presentence custody credits, "provides that excess credits 'shall be credited . . . to any fine . . . .' " (*Pinon,* at p. 966.) *Pinon* concluded *Morales's* holding—that section 2900.5 did not govern the applicability of custody credits resulting from a Proposition 47 resentencing to the one-year parole period—did not apply: *Morales's* holding was based "on [section 1170.18,] subdivision (d)'s plain language [citation]; the Legislative Analyst's statement in the voter materials on Proposition 47 that resentenced offenders ' "would be required to be on state parole for one year" ' [citation]; the court's conclusion that 'the purpose behind [section 2900.5] is irrelevant to resentencing under Proposition 47' [citation]; and the court's reasoning that a contrary interpretation of [section 1170.18,] subdivision (d) 'would undermine the trial court's discretion in many cases' [citation]. [¶] Section 1170.18 [the Proposition 47 resentencing statute], however, says nothing about fines, and thus, unlike the issue of parole, it does not supplant the legislative intent of section 2900.5 as it applies to fines. . . . [Proposition 47's] language excludes parole from the application of custody credits, but nothing else." (*Pinon,* at pp. 966–967.) Thus, the court concluded, the application of excess custody credits

6

resulting from Proposition 47 resentencings to fines was governed by generally applicable sentencing procedures, as set forth in section 2900.5. (*Pinon,* at pp. 966–967.)

On issues other than the application of custody credits, courts (including this one) have similarly found that where Proposition 47 is silent on a resentencing procedure, generally applicable sentencing procedures apply.[6] (*People v. Roach* (2016) 247 Cal.App.4th 178, 184 (*Roach*) ["A successful petition under section 1170.18 [Proposition 47] vests the trial court with jurisdiction to resentence the applicant, and in doing so the court is required to follow the generally-applicable sentencing procedures in section 1170, et seq."]; *McDowell, supra,* 2 Cal.App.5th at pp. 981–982 ["If the trial court grants a section 1170.18 [Proposition 47] petition, it then has jurisdiction to resentence the defendant, and must do so under the generally-applicable sentencing procedures found in section 1170, et seq."].)

The same approach has been employed with resentencings in other contexts. For resentencings under section 1170, subdivision (d), "the statute simply provides that the court may recall its original sentence within 120 days . . . and may resentence '*as if* [*the defendant*] *had not previously been sentenced* . . . .' (Italics added.) The inference arises that the factors the court may consider are no more limited than if the resentencing were the original sentencing. [¶] This view comports with principles generally applicable to resentencing law. For example, it is well settled that when a case is remanded for resentencing after an appeal, the defendant is entitled to 'all the normal rights and procedures available at his original sentencing' . . . ." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 460; see also *People v. Garner* (2016) 244 Cal.App.4th 1113, 1118 ["We see no reason why a 'recall' of sentence under Proposition 36 [the Three Strikes Reform Act of 2012] should not be treated as akin to a 'recall' of sentence under section 1170, subdivision (d). Presumably, the voters were aware of the meaning of the term 'recall' as

---

[6] Proposition 47 expresses only a handful of requirements for resentencings conducted pursuant to its provisions: in addition to providing credit for time served and the one-year parole term, it provides the new sentence shall be no longer than the original sentence and resentencing does not permit firearm possession. (§ 1170.18, subds. (e) & (k).)

7

used in criminal sentencing, and of judicial decisions applying that term."]; *Roach, supra,* 247 Cal.App.4th at p. 187 ["there is no reason why resentencing under Proposition 47 should be different from resentencing following reversal of a conviction or following recall of a sentence under section 1170, subdivision (d), absent statutory language to that effect"]; *Roach,* at p. 185 ["Additional restrictions on a trial court's authority at resentencing could have been included in section 1170.18 [Proposition 47], but were not."].)

Accordingly, because Proposition 47 is entirely silent on the issue of whether custody credits apply to a term of PRCS imposed after a prison term for a felony not reduced to a misdemeanor by Proposition 47, we conclude that generally applicable sentencing procedures govern the issue.

II. *Applying the Generally Applicable Sentencing Procedures*

This conclusion does not end our inquiry because interpreting the usual sentencing rules that apply to this issue is challenging. After an analysis of the competing factors, we determine that trial courts must apply excess custody credits to reduce the duration of PRCS to avoid an absurd result.

A. *Sections 2900.5 and 3451*

As noted above, section 2900.5 provides that presentence credits shall reduce "any period of imprisonment and parole . . . ." (§ 2900.5, subd. (c).)[7] Defendant argues PRCS is analogous to parole and we should therefore construe section 2900.5 as applying equally to PRCS.

PRCS was created as part of the 2011 Criminal Justice Realignment Act (Stats. 2011, 1st Ex. Sess. 2011–2012, ch. 12, § 1), which "changed the paradigm for the incarceration and postconviction supervision of persons convicted of certain felony offenses." (*People v. Espinoza* (2014) 226 Cal.App.4th 635, 639 & fn. 3 (*Espinoza*).)

---

[7] As defendant notes, courts have applied the same rule—that credits reduce a term of parole—in the postsentencing and resentencing context. (*In re Reina* (1985) 171 Cal.App.3d 638, 642 [erroneously denied postsentence conduct credits]; *In re Kemper* (1980) 112 Cal.App.3d 434, 438 [credits resulting from partial reversal on appeal].)

"In the wake of realignment, a person released from prison is subject to a period of either parole (§ 3000 et seq.) or postrelease community supervision (§ 3450 et seq.). [Citation.] Parole applies to high-level offenders, i.e., third strikers, high risk sex offenders, and persons imprisoned for serious or violent felonies or who have a severe mental disorder and committed specified crimes. (§ 3451, subd. (b).) All other released persons are placed on postrelease community supervision. (§ 3451, subd. (a).)" (*People v. Armogeda* (2015) 233 Cal.App.4th 428, 434.)

To be sure, "[i]n a number of respects, community supervision [PRCS] is similar to parole. Community supervision and parole serve precisely the same purpose—to facilitate the successful reintegration into society of persons released from prison, while protecting the public through active supervision of the former inmate. [Citations.] Indeed, the express purpose of the [Postrelease Community Supervision Act of 2011, § 3450, et seq.] was simply to shift the responsibility for supervising certain released inmates from the state to local jurisdictions. [Citations.] Both programs of supervision are limited to three years for most offenders. [Citations.] Parolees and persons on community supervision are subject to various conditions of their release and may have their release revoked for failure to comply with those conditions. [Citations.] Although persons subject to community supervision may not be returned to prison for violating the terms of postrelease supervision [citation], former inmates under both parole and community supervision may be returned to custody for violating the conditions of release. [Citations.] Finally, several statutes apply equally to both sets of offenders and treat them as equivalent. [Citation.]" (*People v. Superior Court (Rangel)* (2016) 4 Cal.App.5th 410, 421 (*Rangel*).)

Nonetheless, PRCS is an alternative supervision system, distinct from parole. "[PRCS] supervision is conducted by a county agency . . . , rather than by the state's Department of Corrections and Rehabilitation. [Citations.] The supervised person may be subject to various sanctions for violating the conditions of his or her PRCS, including incarceration in the county jail, but may not be returned to state prison for PRCS violations." (*People v. Gutierrez* (2016) 245 Cal.App.4th 393, 399.) Moreover, " 'the

9

expression of one thing in a statute ordinarily implies the exclusion of other things.' "
(*Kunde v. Seiler* (2011) 197 Cal.App.4th 518, 531.) Section 2900.5's express inclusion
of parole thus implies the exclusion of PRCS.[8]

In addition, other courts have noted that the statute imposing PRCS—section
3451—makes no mention of the application of excess custody credits and provides
defendants covered by its provisions "shall . . . be subject to" PRCS "[n]otwithstanding
any other law."[9] Three cases have relied in part on this language to conclude that excess
custody credits following a Proposition 36 resentencing do not reduce a period of PRCS.
(*Espinoza, supra,* 226 Cal.App.4th at pp. 639–640 ["The phrase '[n]otwithstanding any
other law' is all encompassing and eliminates potential conflicts between alternative
sentencing schemes."]; *People v. Tubbs* (2014) 230 Cal.App.4th 578, 585 (*Tubbs*)
[discussing *Espinoza* with approval]; *Rangel, supra,* 4 Cal.App.5th at p. 420 ["as a pure
matter of statutory interpretation, use of the language '[n]otwithstanding any other law'

---

[8] Defendant points to cases holding a defendant on PRCS is "serving a sentence" for a
felony conviction, for purposes of eligibility for Proposition 47 resentencing (§ 1170.18,
subd. (a)). (See *Pinon, supra,* 6 Cal.App.5th at p. 963 ["A determinate felony sentence
includes a prison term *and* a period of parole supervision or PRCS. Accordingly, a
defendant subject to PRCS is serving a sentence for purposes of section 1170.18,
subdivisions (a) and (b)."]; *Lewis, supra,* 4 Cal.App.5th at p. 1094 ["a felony sentence of
the type contemplated by section 1170.18 would encompass both the term of confinement
and any residual term of parole or PRCS"].) These cases do not impact the interpretation
of section 2900.5 because, as the People note, a "felony sentence" is not equivalent to a
"term of imprisonment." Even if the terms were comparable, defendant fails to explain
why the interpretation of "felony sentence" for purposes of the Proposition 47
resentencing statute is applicable to the interpretation of "term of imprisonment" for
purposes of section 2900.5. (See *Pinon*, at p. 963 ["the word 'sentence' is ambiguous
and can be used in different ways"].)

[9] Section 3451 provides, in relevant part: "Notwithstanding any other law and except for
persons [convicted of certain crimes], all persons released from prison on and after
October 1, 2011, or, whose sentence has been deemed served pursuant to Section 2900.5
after serving a prison term for a felony shall, upon release from prison and for a period
not exceeding three years immediately following release, be subject to community
supervision provided by the probation department of the county to which the person is
being released . . . ." (§ 3451, subd. (a).)

would appear to foreclose Rangel's argument that section 3451 should be applied the same way as section 2900.5"].)[10]

Respectfully, we disagree with these opinions to the extent they suggest the phrase "[n]otwithstanding any other law" in the PRCS statute is conclusive as to whether custody credits could reduce a period of PRCS.[11]  The phrase " '[n]otwithstanding any other law' . . . has been described as ' "a ' "term of art" ' [citation] that declares the legislative intent to override all *contrary* law." ' [Citation.]  This '[n]otwithstanding' phrase means that 'only those provisions of law that conflict with' [that statute]—'not . . . every provision of law'—are inapplicable." (*People v. Fuentes* (2016) 1 Cal.5th 218, 227.)  The question thus becomes whether, if another statute authorized the application of excess custody credits to a term of PRCS, that statute would conflict with the PRCS statute's provision that defendants falling within its terms "shall . . . *be subject to*" PRCS (italics added).  As defendant noted at oral argument, such a conflict would only be present if the phrase "be subject to" PRCS means "shall serve" PRCS.  We are not persuaded that this is the appropriate interpretation of the phrase.

In *Morales,* our Supreme Court considered the phrase as it appears in Proposition 47's provision that resentenced defendants "shall be subject to parole for one year" unless waived by the trial court.  (§ 1170.18, subd. (d).)  The Supreme Court rejected the Court of Appeal's analysis that Proposition 47 " 'does not state that the defendant shall *serve* a

---

[10] We note that *Pinon, supra,* includes the following sentence: "Because excess custody time [resulting from a Proposition 47 resentencing] cannot be credited against the parole period, if the number of credits exceed the new sentence, the only type of excess custody credit available to resentenced persons is a credit against punitive assessments." (*Pinon, supra,* 6 Cal.App.5th at p. 967, fn. omitted.)  However, in that case, the defendant's only felony was reduced to a misdemeanor at his Proposition 47 resentencing, and the court therefore was not presented with a situation implicating PRCS.

[11] That is not to say that we conclude those cases were wrongly decided.  We note that *Espinoza* and *Tubbs* issued before a statutory amendment regarding custody credits and PRCS, which is critical to our analysis and which we discuss below.  Although *Rangel* was decided after the enactment of the amendment, it was apparently not brought to the attention of the court.

11

period of parole, only that the defendant shall be subject to parole. And as noted above, a person subject to parole is entitled to credit excess custody time against the parole period.' But, given the difference in language and purpose between sections 1170.18 and 2900.5, as well as the voters' likely understanding of Proposition 47's meaning, we do not give these words such a narrow interpretation. In this context, the most natural meaning of the words 'subject to parole' is that the person is subject to *parole* rather than some other form of supervision such as postrelease community supervision under the Postrelease Community Supervision Act of 2011 (§ 3450 et seq.). [Citation.] The words 'subject to' also reinforce the statute's grant of discretion to the trial court *not* to impose parole. The words, however, do not limit the court's discretion whenever excess custody credits exist." (*Morales, supra,* 63 Cal.4th at p. 407.) The court did not conclude that the phrase "subject to" meant defendants "shall serve" the one-year parole term; instead, it rejected an interpretation of Proposition 47 that would eliminate the trial court's discretion to waive that term. (*Id.* at p. 405 ["if excess credits can reduce or eliminate the period of parole, the court's discretion will be curtailed or eliminated"].)

*Morales* thus instructs that the phrase "subject to" does not have a fixed meaning, but must be interpreted in context. Given that PRCS was created as an alternative supervision system to parole, it is more likely that the phrase as used in the PRCS statute (§ 3451) was intended to mean that when applicable, PRCS was the system of supervision instead of parole. Indeed, the same phrase appears in a similarly-worded statute regarding parole. (Compare § 3000.08 ["A person released from state prison prior to or on or after July 1, 2013, after serving a prison term, or whose sentence has been deemed served pursuant to Section 2900.5, for any of the following crimes *is subject to parole supervision* by the Department of Corrections and Rehabilitation and the jurisdiction of the court in the county in which the parolee is released . . . ." (italics added)], with § 3451 ["Notwithstanding any other law and except for persons [convicted of certain crimes], all persons released from prison on and after October 1, 2011, or, whose sentence has been deemed served pursuant to Section 2900.5 after serving a prison term for a felony shall, upon release from prison and for a period not exceeding three

12

years immediately following release, *be subject to community supervision* provided by the probation department of the county to which the person is being released . . . ." (italics added)].)  Although the parole statute does not include the phrase "notwithstanding any other law," we are unaware of any cases finding its requirement that relevant persons are "subject to parole" conflicts with section 2900.5's provision of custody credits.  Instead, the parole and PRCS statutes appear to provide for alternative systems of supervision; since PRCS was a new method created by realignment, at a time when parole was already established, the most reasonable inference is the Legislature included the "notwithstanding any other law" language to clarify that in the event of any conflicting law requiring parole, PRCS was nonetheless the appropriate supervision system when applicable.  (Cf. *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 524 ["A simpler reading of the language in question ('[n]otwithstanding any other law') that more likely describes its probable intent is this: The Three Strikes law, when applicable, takes the place of whatever law would otherwise determine defendant's sentence for the current offense.  The language thus eliminates potential conflicts between alternative sentencing schemes."].)

This analysis does not assist defendant, however, unless a statute provides that excess credits reduce a period of PRCS.  We concluded earlier that section 2900.5— which expressly includes parole but is silent as to PRCS—does not so provide.  However, defendant points to another statute, part of the Determinate Sentencing Law (DSL), that addresses custody credits.  We turn to that statute now.

B.      *Section 1170(a)(3)*

Section 1170, subdivision (a)(3) (section 1170(a)(3)), provides, in relevant part: "In any case in which the amount of preimprisonment credit under Section 2900.5 or any other law is equal to or exceeds any sentence imposed pursuant to this chapter, except for the remaining portion of mandatory supervision pursuant to subparagraph (B) of paragraph (5) of subdivision (h), the entire sentence shall be deemed to have been served, except for the remaining period of mandatory supervision, and the defendant shall not be actually delivered to the custody of the secretary or to the custody of the county

correctional administrator.  The court shall advise the defendant that he or she shall serve an applicable period of parole, postrelease community supervision, or mandatory supervision, and order the defendant to report to the parole or probation office closest to the defendant's last legal residence, unless the in-custody credits equal the total sentence, including both confinement time and the period of parole, postrelease community supervision, or mandatory supervision."  We will refer to the first quoted sentence as the "credits provision" and the second quoted sentence as the "advisement provision."

Defendant relies on the advisement provision, which effectively requires trial courts to advise defendants that excess custody credits shall be applied to a term of PRCS.  Defendant argues we can infer from the advisement provision the Legislature's intent that custody credits apply to reduce a term of PRCS.  We also look to the credits provision, which directly provides for the application of credits, and consider whether taken together, the two provisions should be construed to provide that excess custody credits apply to a term of PRCS.

We begin with the plain language of the statute.  The credits provision provides that custody credits can reduce a defendant's "entire sentence": "In any case in which the amount of preimprisonment credit . . . is equal to or exceeds any sentence imposed pursuant to this chapter . . . , the entire sentence shall be deemed to have been served . . . ."  If the "entire sentence" includes a term of PRCS, this provision provides that custody credits can reduce that term.  The statute is ambiguous in this regard, however. On the one hand, the context of the credits provision suggests the term "entire sentence" may be limited to the custodial sentence, because it provides that when the "entire sentence" is deemed served, "the defendant shall not be actually delivered to the custody of the secretary or to the custody of the county correctional administrator."  Moreover, the credits provision makes specific reference to mandatory supervision, while remaining silent as to PRCS.[12]  On the other hand, the advisement provision's advisement

---

[12] Mandatory supervision describes the suspended portion of a "split sentence" imposed pursuant to realignment for certain low-level felony offenders who serve the custodial

14

requirement suggests that custody credits reduce any supervision period.  The advisement

provision also defines "total sentence"—a phrase seemingly equivalent to "entire

sentence" in the credits provision—to include confinement time and postrelease

supervision.  In addition, subdivision (c) of the same section provides: "The court shall

also inform the defendant that *as part of the sentence* after expiration of the term he or

she may be on parole for a period as provided in Section 3000 or 3000.08 or postrelease

community supervision for a period as provided in Section 3451."  (Italics added.)  This

suggests the Legislature's intent that the term "sentence" for purposes of this section

includes parole or PRCS.

Because we find the plain language ambiguous, we turn to the statute's legislative

history.  When the DSL became operative in 1977, the relevant language stated: "In any

case in which the amount of preimprisonment credit under Section 2900.5 or any other

provision of law is equal to or exceeds any sentence imposed pursuant to this chapter, the

entire sentence, including any period of parole under Section 3000, shall be deemed to

have been served and the defendant shall not be actually delivered to the custody of the

Director of Corrections."  (Former § 1170, subd. (a)(2), as amended by Stats. 1977, ch.

165, § 15.)  In *In re Sosa* (1980) 102 Cal.App.3d 1002, the court construed this provision

as providing that excess custody credits apply to reduce a period of parole: "Section 1170

explicitly declares that presentence credit applies against both the imprisonment and the

parole portion of the sentence."  (*Id.* at pp. 1005–1006 [quoting former § 1170,

subd. (a)(2)].)

In the 1980s, several defendants argued that under this provision, if their

presentence custody credits exceeded the term of *imprisonment*, they did not have to

serve any term of *parole*.  Courts uniformly rejected this argument, finding that the word

"sentence" as used in the provision encompassed both the term of imprisonment and the

period of parole.  (*In re Jantz* (1984) 162 Cal.App.3d 412, 415 ["section 1170,

---

portion of their sentence in county jail.  (§ 1170, subd. (h)(5); *People v. Mendoza* (2015)
241 Cal.App.4th 764, 786–787.)

15

subdivision (a)(2) does not permit releasing a defendant from the Board imposed parole unless the in-custody credits equal the total sentence, including both confinement time and the period of parole"]; *id.* at p. 417 [" 'sentence,' as used in section 1170, subdivision (a)(2), includes any applicable period of parole"]; accord, *In re Welch* (1987) 190 Cal.App.3d 407, 411–412; *People v. London* (1988) 206 Cal.App.3d 896, 910.)

Perhaps in response to these challenges, the Legislature amended the provision (which had been moved to subdivision (a)(3)) in 1998, omitting the stricken language and adding the italicized language: "In any case in which the amount of preimprisonment credit under Section 2900.5 or any other provision of law is equal to or exceeds any sentence imposed pursuant to this chapter, the entire sentence, including any period of parole under Section 3000, shall be deemed to have been served and the defendant shall not be actually delivered to the custody of the Director of Corrections. *The court shall advise the defendant that he or she shall serve a period of parole and order the defendant to report to the parole office closest to the defendant's last legal residence, unless the in-custody credits equal the total sentence, including both confinement time and the period of parole.*" (Stats. 1998, ch. 338, § 2, p. 2714, eff. Aug. 21, 1998.)

The amendment leaves it ambiguous as to whether the parole term is still part of the "sentence" in the credits provision. Omitting the reference to parole suggests that parole is *not* part of the sentence. However, a bill analysis explained that the amendment "[c]larifies that if an inmate's pre-sentence custody credits exceed the term imposed, the court shall deem the sentence served and order the defendant to serve a period of parole, unless the credits equal confinement time and parole." (Assem. Com. on Appropriations, Rep. on Sen. Bill No. 295 (1997–1998 Reg. Sess.) Aug. 27, 1997.) This indicates the Legislature intended the amended statute to continue to provide that excess custody credits reduce a period of parole, as provided in the advisement provision. Similarly, courts continued to identify the statute as providing that excess custody credits apply to a term of parole. (See *In re Bush* (2008) 161 Cal.App.4th 133, 140–141 ["The DSL contemplates that in some cases, a defendant's presentence credits will exceed the fixed term sentence and entitle him or her to credit against some or all of the parole period."

16

(quoting § 1170(a)(3))]; *id.* at p. 144 [discussing "section 1170, subdivision (a)(3), under which a prisoner serving a determinate term will not be placed on parole if the in-custody credits are equal to the total confinement time and parole period" (italics omitted)].)

Effective January 1, 2016, the statute was amended to add the italicized language: "In any case in which the amount of preimprisonment credit under Section 2900.5 or any other law is equal to or exceeds any sentence imposed pursuant to this chapter, *except for the remaining portion of mandatory supervision pursuant to subparagraph (B) of paragraph (5) of subdivision (h),* the entire sentence shall be deemed to have been served, *except for the remaining period of mandatory supervision,* and the defendant shall not be actually delivered to the custody of the secretary or to the custody of the county correctional administrator. The court shall advise the defendant that he or she shall serve a*n applicable* period of parole*, postrelease community supervision, or mandatory supervision,* and order the defendant to report to the parole *or probation* office closest to the defendant's last legal residence, unless the in-custody credits equal the total sentence, including both confinement time and the period of parole*, postrelease community supervision, or mandatory supervision.*" (§ 1170(a)(3), as amended by Stats. 2015, ch. 378, § 1, eff. Jan. 1, 2016.)

By adding PRCS to the advisement provision, did the Legislature also intend to include a term of PRCS as part of the "sentence" referred to in the credits provision, such that excess custody credits reduce the PRCS term? Multiple factors point in each direction. On the one hand, the amendment expressly addressed mandatory supervision in the credits provision, and a legislative analysis states the bill "[c]larifies that in any case where the pre-imprisonment credit of a person sentenced to the county jail under the 2011 Realignment Act exceeds any sentence imposed, the entire sentence shall be deemed to have been served, except for the remaining portion of mandatory supervision . . . ." (Sen. Floor Analysis of Assem. Bill No. 1156 (2015–2016 Reg. Sess.) as amended Sept. 1, 2015, p. 3), but the legislative history is silent as to the Legislature's intent regarding custody credits and PRCS. Second, the same bill amended section 3451—the PRCS statute—but that amendment did not provide for the application of custody credits.

17

(Stats. 2015, ch. 378, § 5.)  Third, the amendment was enacted after *Espinoza* and *Tubbs* held that excess custody credits do not reduce a term of PRCS, and had the Legislature intended to overturn *Espinoza* and *Tubbs,* we ordinarily would expect it to do so clearly. (*In re Joseph T.* (2008) 163 Cal.App.4th 787, 795–796 ["Because the Legislature is presumed to be aware of existing judicial interpretations when it amends a statute [citation], if the Legislature intended to overrule the existing judicial interpretation of [a statute] it would have done so explicitly."].)

On the other hand, previous legislative history and judicial interpretation of section 1170(a)(3) have treated the two provisions together as providing that excess custody credits apply to the supervision periods identified in the advisement provision. Second, the bill enacting the 2016 amendments also amended section 1170, subdivision (c), to include the italicized language: "The court shall also inform the defendant that as part of the sentence after expiration of the term he or she may be on parole for a period as provided in Section 3000 *or 3000.08 or postrelease community supervision for a period as provided in section 3451*."  The bill thus amended a definition of "sentence" in the same code section to include a term of PRCS.  Third, the bill included other amendments adding PRCS to statutes previously referring only to parole, suggesting an intent that the two forms of supervision be treated equivalently.  (Stats. 2015, ch. 378 [amending §§ 1170, subd. (c), 4852.03, subd. (a), 4852.06, 4852.21, subd. (a), and Veh. Code, § 41500, subd. (e), to add PRCS to provisions previously referring only to parole].)  This suggested intent is supported by a legislative history analysis providing: "This bill applies the sentencing statutes and court rules *enacted and promulgated for the DSL to sentences imposed pursuant to criminal justice realignment*."  (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1156 (2015–2016 Reg. Sess.) as amended Sept. 1, 2015, p. 6, italics added.)[13]

---

[13] Defendant highlights a different portion of legislative history, pointing to the bill author's statement that the bill was intended to " 'eliminate[] discrepancies and inconsistencies in treatment between felons sent to prison and felons sent to county jail under Realignment that were not addressed in the original or subsequent legislation.' "

We do not see a clear answer in the plain language of the statute or its legislative history. However, to construe the statute as the People contend would lead to patently unfair and absurd results: trial courts would be required to advise defendants, *contrary to law*, that excess presentence custody credits reduce a period of PRCS. It is not difficult to envision a scenario in which a defendant, in reliance on this advisement, understands that his or her PRCS term has been deemed served and does not report to the county probation department upon release, and is subsequently arrested for failing to report to probation as required by the terms of his or her PRCS. We decline to place defendants— and trial courts—in such a position. " ' "Where the language of a statute is reasonably susceptible of two constructions, one which, in application, will render it reasonable, fair and harmonious with its manifest purpose, and another which will be productive of absurd consequences, the former construction will be adopted. In other words, where the meaning is doubtful, any construction which would lead to absurd results should be rejected . . . since absurd results are not supposed to have been contemplated by the legislature." ' " (*Gilbert v. Chiang* (2014) 227 Cal.App.4th 537, 551; see also *Pineda v. Bank of America, N.A.* (2010) 50 Cal.4th 1389, 1394 ["[W]e 'avoid a construction that would produce absurd consequences, which we presume the Legislature did not intend.' "]; *In re Michele D.* (2002) 29 Cal.4th 600, 607 [" ' " 'All laws should receive a sensible construction. General terms should be so limited in their application as not to lead to injustice or oppression or an absurd consequence.' " ' "].)

Accordingly, we construe section 1170(a)(3) to provide that excess custody credits apply to reduce a period of PRCS.[14] As this is the normally applicable sentencing rule,

(Assem. Floor Analysis of Assem. Bill No. 1156 (2015–2016 Reg. Sess.) as amended Sept. 1, 2015, p. 3.) Inconsistencies between these two categories do not involve a comparison between persons subject to parole and those subject to PRCS, as both parole and PRCS only apply to persons sentenced to prison.

[14] Because of this result, we need not and do not resolve defendant's alternative equal protection argument.

we apply it to defendant's Proposition 47 resentencing and affirm the trial court's reduction of defendant's PRCS term by his excess custody credits.[15]

## DISPOSITION

The order is affirmed.

---

[15] We find no error in the trial court's calculation of credits.

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

NEEDHAM, J.

(A148242)

21

Superior Court of Lake County, No. CR938828, Hon. Stephen O. Hedstrom, Judge.

Jeremy Price, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Beverra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Amit A. Kurlekar and Huy T. Luong, Deputy Attorneys General, for Plaintiff and Respondent.