Filed 1/5/24  P. v. Berkey CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SHELDON LEON-THOMAS BERKEY,<br><br>    Defendant and Appellant. | A164226<br><br>(San Mateo County<br> Super. Ct. No. SCR-730994-1) |

**MEMORANDUM OPINION**[1]

In November 2020, Sheldon Leon-Thomas Berkey pled no contest to assault by means of force likely to produce great bodily injury in exchange for a grant of probation.  The trial court suspended imposition of sentence and placed Berkey on probation with various conditions.  The court later revoked probation after Berkey admitted to a violation.

---

[1]    We resolve this case by memorandum opinion, omitting mention of details pertaining to Berkey's global resolution of additional trial court cases not before us.  (Cal. Stds. Jud. Admin., § 8.1.)  We grant Berkey's unopposed request for judicial notice of several facts, including that he is subject to a grant of postrelease community supervision (PRCS) until at least March 31, 2024.  (Evid. Code, §§ 452, subd. (h), 459, subd. (a); see *In re M.F.* (2022) 74 Cal.App.5th 86, 110.)

At a September 2021 sentencing hearing, defense counsel urged the trial court to impose a low or middle prison term in light of Berkey's mental health issues and history of childhood abuse. The court, however, imposed the upper term; in doing so, it relied on aggravating factors such as Berkey's criminal history. Berkey appealed.

The parties agree—as do we—that ameliorative amendments to Penal Code section 1170, subdivision (b), that took effect after Berkey was sentenced require a remand for resentencing.[2] (Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022; undesignated statutory references are to the Penal Code.)

As amended, section 1170 authorizes a trial court to impose a sentence exceeding the middle term only when "the facts supporting the aggravating circumstances are (1) established by the defendant's stipulation to them, (2) proven to a jury (or to a court, if jury is waived) beyond a reasonable doubt, or (3) based on prior convictions evidenced by a certified record of conviction." (*Jones*, *supra*, 79 Cal.App.5th at p. 44; § 1170, subds. (b)(1)–(3).) Additionally, section 1170 now requires the court to "impose the low term if the defendant's psychological, physical, or childhood trauma was a contributing factor in the commission of the offense, 'unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [so] that imposition of the lower term would be contrary to the interests of justice.'" (*Jones*, at p. 44, brackets in original; § 1170, subd. (b)(6)(A).)

When the trial court sentenced Berkey, it did not have the benefit of these amendments to section 1170. As such, it imposed the upper term without making the findings required by subdivisions (b)(2) and (3) and

---

[2] For a summary of the sentencing paradigm shift effected by Senate Bill No. 567 (2020–2021 Reg. Sess.), see *People v. Jones* (2022) 79 Cal.App.5th 37 (*Jones*).

without considering the applicability of subdivision (b)(6)(A).  In light of the ameliorative changes to section 1170, subdivision (b), described *ante*, we agree with the parties that the case must be remanded for resentencing. (*Jones, supra*, 79 Cal.App.5th at pp. 45–46; *People v. Buycks* (2018) 5 Cal.5th 857, 893.)

## DISPOSITION

The conviction is affirmed.  The sentence is vacated and the matter is remanded for resentencing in light of section 1170, subdivision (b).  If, upon resentencing, the trial court reduces Berkey's sentence, it must apply any excess credits to his PRCS term.  (*People v. Steward* (2018) 20 Cal.App.5th 407, 426.)

_____
Fujisaki, J.


WE CONCUR:


_____
Tucher, P.J.


_____
Petrou, J.


*People v. Berkey* (A164226)