Filed 8/22/24  P. v. Smith CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIC SMITH,<br><br>    Defendant and Appellant. | 2d Crim. No. B331733<br>(Super. Ct. No. 2019017109)<br>(Ventura County) |

Eric Smith appeals a judgment following guilty pleas to possession of ammunition by a felon (Pen. Code[1], § 30305, subd. (a)(1); count 2) and misdemeanor possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a); count 4).  The court sentenced appellant to 16 months in state prison on count 2, plus a concurrent term of 90 days in county jail on count 4.  The court advised appellant that parole would supervise him for three years following his release.

---

[1] Undesignated statutory references are to the Penal Code.

Appellant contends the sentence was unauthorized because section 3000.01 prescribes a two-year parole period.  The People counter that the court was legally required to order a term of postrelease community supervision (PRCS) instead of parole.  We agree that PRCS was required.

"[A] person released from prison is subject to a period of either parole (§ 3000 et seq.) or [PRCS] (§ 3450 et seq.)." (*People v. Armogeda* (2015) 233 Cal.App.4th 428, 434.)  Parole applies to certain higher-level offenders as specified in section 3000.08, subdivision (a).  (*People v. Johnson* (2020) 45 Cal.App.5th 379, 392.)  "'All other released persons are placed on [PRCS].'" (*People v. Steward* (2018) 20 Cal.App.5th 407, 417; § 3451, subd. (a).)

None of appellant's convictions subject him to parole.  (§§ 3000.08, 3451.)  Therefore, we will order the oral pronouncement of judgment modified and the July 17, 2023 minute order revised to reflect that, upon release, appellant will be subject to PRCS, not parole, for three years.  (§ 1260; cf. *People v. Anderson* (2019) 42 Cal.App.5th 780, 787.)

Finally, we decline the People's invitation to amend appellant's felony abstract of judgment to reflect his count 4 misdemeanor conviction.  The form promulgated by the Judicial Council pursuant to section 1213.5 does not require that information.  (Judicial Council Forms, form CR-290; § 1213.)

DISPOSITION

The oral pronouncement of judgment is modified to reflect that, upon release, appellant will be subject to PRCS, not parole, for three years.  The July 17, 2023 minute order shall be revised to reflect that modification.  The judgment is otherwise affirmed.

NOT TO BE PUBLISHED.


                                    CODY, J.


We concur:



      YEGAN, Acting P. J.



      BALTODANO, J.

Bruce A. Young, Judge
Superior Court County of Ventura
_____

Andrea Keith, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Marc A. Kohm and Nikhil Cooper, Deputy Attorneys General, for Plaintiff and Respondent.